**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED | ) | CASE NO.: |
| 8403 Cross Park Dr., Ste. 3E | ) | |
| Austin, TX 78754-4575 | ) | JUDGE: |
| | ) | |
| DD FOUNDATION LLC | ) | **MOVANTS DEFENSE DISTRIBUTED,** |
| 5900 Balconies Dr., Ste. 16112 | ) | **DD FOUNDATION, LLC AND** |
| Austin, TX 78731-4257 | ) | **DEFCAD, INC.'S MOTION TO** |
| | ) | **COMPEL COMPLIANCE WITH** |
| DEFCAD, INC. | ) | **SUBPOENA AND FOR SANCTIONS** |
| 2320 Donley Dr., Ste. C | ) | |
| Austin, TX 78758-4514 | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP J. ROYSTER | ) | |
| 1036 Barth Road | ) | |
| Belpre, Ohio 45714-9592 | ) | |
| | ) | |
| Non-Movant. | ) | |

Pursuant to Federal Rules of Civil Procedure 26, 37(a) and 45, Movants Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "Movants" or "DEFCAD") respectfully move this Court for an Order compelling non-movant Phillip J. Royster ("Royster") to comply with a subpoena to produce documents (the "Subpoena") issued to him on March 24, 2026 in an action pending in the United States District Court for the Southern District of Florida, *Defense Distributed, et al. v. Elik, et. al.*, No. 9:25-cv-81197-DMM (S.D. Fla.) (the "Florida Action") and served on him by personal service within this district on March 27, 2026. *See* Declaration of David T. Bules ("Bules Decl."), attached hereto as Exhibit A, at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service.

As more fully set forth in the attached Memorandum in Support, the Subpoena commanded Royster to produce by April 17, 2026, a single category of documents—all communications

between Royster and a defendant in the Florida Action relating to a web series and website called "Gatalog University." *Id*. Royster failed to object, respond or produce any documents by the April 17, 2026 deadline. *Id*. at ¶ 5.

Pursuant to Federal Rules of Civil Procedure 37(a)(5) and 45(g), Movants also respectfully move the Court for an Order issuing sanctions against Royster for failing to comply with the Subpoena, including to hold Royster in contempt and to order Royster to pay Movants' their reasonable expenses incurred in initiating this action and bringing this motion, including their attorney's fees and the costs of this action.

To the extent applicable, in accordance with L.R. 37.1 and as set forth in the Bules Decl., Movants have exhausted all extrajudicial means of attempting to obtain Royster's compliance with the Subpoena before initiating this action and bringing this motion. Ex. A, Bules Decl. at ¶¶ 6-7. Royster has not provided any response to those efforts, leaving Movants with no option but to initiate this action and bring the instant motion. *Id*. at ¶ 6.

Respectfully submitted,

*s/ David T. Bules*

David T. Bules (0083834)
CALFEE, HALTER & GRISWOLD LLP
2800 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
Telephone: (513) 693-4892
Facsimile: (513) 842-7028
Email: dbules@calfee.com

*Attorneys for Movants Defense Distributed,*
*DD Foundation, LLC and DEFCAD, Inc.*

2

**MEMORANDUM IN SUPPORT**

## I.     BACKGROUND

The underlying Florida Action stems from false statements made by the defendants intended to unlawfully divert DEFCAD's customers to themselves. DEFCAD operates a file sharing business, which includes the sale of 3D gun files. The defendants in the Florida Action—various individuals associated with a competing 3D gun file business known as "The Gatalog"—made numerous false statements that DEFCAD's database was hacked and that its website is hosted in Iran, in order to steer DEFCAD's customers to The Gatalog. These false statements have been made on The Gatalog's website and web series, "Gatalog University," among other mediums.

These false statements and resulting interference with DEFCAD's customer base prompted DEFCAD to initiate the Florida Action, asserting claims against the defendants for conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act, violation of the Lanham Act, and tortious interference with business relationships under Florida law. *See* Ex. A, Bules Decl. at ¶ 4, Ex. 2, Florida Action Second Amended Complaint (Doc. 49). Although Royster is not named as a defendant in the Florida Action, DEFCAD became aware of Royster's association with The Gatalog and Gatalog University, and his association with at least three of the defendants in the Florida Action (Alexander Holladay, John Elik and Matthew Larosiere) who are also associated with The Gatalog and Gatalog University.

As a result of his association with Holladay and "The Gatalog," the Subpoena was issued on March 24, 2026 to Royster seeking production of: "All communications (including emails, texts messages and direct messages) between [Royster] and Alexander Holladay relating to the web series and website called 'Gatalog University.'" *See* Ex. A., Bules Decl. at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service. Royster was served with the Subpoena at his Belpre,

Ohio residence, which is within this district. *Id*. The Subpoena commanded electronic delivery of responsive documents via email to Movants' counsel in the Florida Action by April 17, 2026. *Id*.

To date, Royster has wholly failed to comply with the Subpoena. *Id*. at ¶¶ 5, 7. Royster has not objected or responded to the Subpoena or produced any responsive documents. *Id*.

## II.     COMPLIANCE WITH LOCAL RULE 37.1

Local Rule 37.1 generally requires parties in a discovery dispute to attempt to resolve the dispute before seeking court intervention. *See* L.R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in the Court under any provision in Fed. R. Civ. P. 26 or 37 unless **the parties** have first exhausted among themselves all extrajudicial means for resolving their differences.") (emphasis added). But because the subpoena was issued to Royster— a non-party to the Florida Action—courts within this judicial district have held that such efforts are not necessary because Local Rule 37.1 does not apply to disputes regarding third-party subpoenas. *See Holland v. Adena Health Sys.*, 2025 U.S. Dist. LEXIS 188868, *5-6 (S.D. Ohio Sept. 25, 2025) ("Local Rule 37.1 and the Preliminary Pretrial Order do not clearly apply to disputes regarding third-party subpoenas.").

Counsel for Movants has nonetheless attempted to contact Royster and obtain compliance with the Subpoena following personal service of the Subpoena. *See* Ex. A., Bules Decl. at ¶ 6, Ex. 3, June 3, 2026 email and letter attaching Subpoena and Proof of Service.  As set forth in the Bules Decl., on June 3, 2026, shortly after counsel for Movants was engaged to serve as local counsel with respect to efforts to obtain compliance with the Subpoena issued to Royster by Movants and their separate Florida counsel in the Florida Action, counsel for Movants emailed a letter sent pursuant to Local Rule 37.1 (attaching the Subpoena and Proof of Service) to an email address that may be associated with Royster and sent the same letter to Royster's Belpre, Ohio residence via

FedEx overnight delivery. *Id*. That email and letter informed Royster that if he did not contact counsel for Movant by June 8, 2026, Movants would initiate this action and file this motion to compel compliance with the Subpoena and seek sanctions against Royster for failing to comply with the Subpoena, including seeking an Order to hold Royster in contempt and to order Royster to pay Movants' their reasonable expenses incurred in making this motion, including attorney's fees and the costs of this action. *Id*.

Royster failed to respond to the email and letter by June 8, 2026. *Id.* To the extent L.R. 37.1 applies to disputes regarding third-party subpoenas, Movants have exhausted all extrajudicial means of attempting to obtain Royster's compliance with the Subpoena before initiating this action and bringing this motion. *Id.* at ¶ 7. Royster's failure to comply with the Subpoena or respond to these extrajudicial means have necessitated Movants bringing this action and filing the instant motion.

### III.   LAW AND ARGUMENT

Discovery may be conducted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery that may be obtained via subpoena under Rule 45 of the Federal Rules of Civil Procedure "is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). A non-party to an action may be compelled to produce discoverable documents and things as provided in Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

Movants issued a Subpoena to Royster in the Florida Action commanding production of a single category of communications between Royster and Holladay (a defendant in the Florida

3

Action), which are relevant to Movants' claims against the defendants in the Florida Action. *See* Ex. A, Bules Decl. at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service.  Royster is a known associate of Holladay, other defendants, The Gatalog, and Gatalog University.

The Subpoena is narrowly tailored and proportional to the needs of the Florida Action, as it seeks only communications between Royster and one other person (Holladay, a defendant in the Florida Action) relating to one topic (a web series and website called "Gatalog University"). The communications sought between Royster and Holladay are relevant to the claims against the defendants in the Florida Action because the defendants (including Holladay) made false statements about Movants on The Gatalog University website and web series and Royster is associated with The Gatalog and Holladay. Through these false statements, the defendants attempted to divert DEFCAD'S business to themselves. Based on his association with Holladay, The Gatalog and Gatalog University, Movants are entitled to all communications between Royster and Holladay relating to the website and web series called The Gatalog, including to ascertain whether such communications support their claims against the defendants. The Court should therefore grant this motion and issue an Order requiring Royster to comply with the Subpoena.

## IV.    SANCTIONS

Federal Rule of Civil Procedure 45(g) provides: "The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).  The Subpoena was issued to Royster and served on Royster by personal service at his residence within this judicial district. *See* Ex. A, Bules Decl. at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service. Royster has failed to comply

with the Subpoena without excuse, has not objected, responded or produced the documents sought, and has not responded to extrajudicial efforts to obtain his compliance. *Id.* at ¶¶ 5-7.

As a result of Royster's failure to comply with the Subpoena, Movants are entitled to an Order holding Royster in contempt pursuant to Federal Rule of Civil Procedure 45(g). *See, e.g., Retail Serv. Sys., Inc. v. Penuel*, 2015 U.S. Dist. LEXIS 183523, *3 (S.D. Ohio Jan. 13, 2015) (ordering nonparty to show cause why he should not be held in contempt for failing to respond to a subpoena without adequate excuse); *see also Ortega v. Nationwide Child.'s Hosp.*, 2025 U.S. Dist. LEXIS 216007, *8 (S.D. Ohio Nov. 3, 2025) (same). This Court should therefore issue an Order to Royster to show cause why he should not be held in contempt for failure to comply with the Subpoena.

Movants are also entitled to additional sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5). Rule 37(a)(5), with limited exceptions, mandates that a movant's reasonable expenses, including attorney's fees, incurred in making a motion be paid by the party whose conduct necessitated the motion. *See* Fed. R. Civ. P. 37(a)(5) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); *James v. Cuyahoga Cnty.*, 648 F.Supp.3d 897, 909 (N.D. Ohio 2022) (same) (quoting Fed. R. Civ. P. 37(a)(5)(A)). Royster has failed to comply with the Subpoena or respond to extrajudicial efforts to obtain his compliance. *See* Ex. A, Bules Decl. at ¶¶ 5-7. Royster's failure to comply with the Subpoena or respond to these efforts has forced Movants to incur expenses, including attorneys' fees and the costs of this action. Movants therefore respectfully request the Court issue an Order requiring Royster to pay

5

Movants' their reasonable expenses incurred in making this motion, including attorneys' fees and the costs of this action.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant their motion and issue an Order compelling Royster to comply with the Subpoena. Movants further respectfully request that the Court issue an Order to Royster to show cause why he should not be held in contempt for failure to comply with the Subpoena and issue an Order requiring Royster to pay Movants' their reasonable expenses incurred in making this motion, including attorneys' fees and the costs of this action.

Respectfully submitted,

*/s/ David T. Bules*
David T. Bules (0083834)
CALFEE, HALTER & GRISWOLD LLP
2800 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
Telephone: (513) 693-4892
Facsimile: (513) 842-7028
dbules@calfee.com

*Attorneys for Movants Defense Distributed,*
*DD Foundation, LLC and DEFCAD, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, a copy of the foregoing *Movants' Motion to Compel Compliance with Subpoena and for Sanctions* was filed with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to:

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

*Non-Movant*

 */s/ David T. Bules*
*David T. Bules*

7