# EXHIBIT A

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHO

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, *et al.*, | ) | CASE NO.: |
| | ) | |
| Movants, | ) | JUDGE: |
| | ) | |
| v. | ) | **DECLARATION OF DAVID T. BULES** |
| | ) | **IN SUPPORT OF MOVANTS' MOTION** |
| PHILLIP J. ROYSTER, | ) | **TO COMPEL COMPLIANCE WITH** |
| | ) | **SUBPOENA AND FOR SANCTIONS** |
| Non-Movant. | ) | |

DAVID T. BULES, pursuant to 28 U.S.C. § 1746, declares and states as follows:

1. I am over the age of eighteen. I have personal knowledge of all facts set forth herein and am competent to testify thereto.

2. I am a partner at Calfee, Halter & Griswold LLP. I am one of the attorneys for Movants Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "Movants" or "DEFCAD"), in the above-captioned action. I submit this Declaration in connection with Movants' Motion to Compel Compliance with Subpoena and for Sanctions.

3. Attached hereto as **Exhibit 1** is a true and accurate copy of the Subpoena to Produce Documents (the "Subpoena") issued to non-movant Phillip J. Royster ("Royster") on March 24, 2026 in an action pending in the United States District Court for the Southern District of Florida, *Defense Distributed, et al. v. Elik, et. al.*, No. 9:25-cv-81197-DMM (S.D. Fla.) (the "Florida Action") and the Proof of Service of the Subpoena demonstrating the Subpoena served on him by personal service within this district on March 27, 2026.

4. Attached hereto as **Exhibit 2** is a true and accurate copy of the Second Amended Complaint (Doc. 49) filed by Plaintiffs Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. in the Florida Action.

5.      Royster did not object or respond to the Subpoena, or produce any documents in response to the Subpoena, by the April 17, 2026 deadline and date of compliance set forth in the Subpoena.

6.      On June 3, 2026, I sent a letter to Royster regarding the Subpoena, attaching a copy of the Subpoena and Proof of Service, via email to an email address that may be associated with Royster (YeezyPrints@protonmail.com). On June 3, 2026, I also sent a copy of the same letter and attached Subpoena and Proof of Service via FedEx overnight delivery to Royster's residence at 1036 Barth Road, Belpre, Ohio 45714-9592, within this judicial district. FedEx confirmed delivery of the letter and attached Subpoena to Royster's residence on June 4, 2026. Attached hereto as **Exhibit 3** are true and accurate copies of the June 3, 2026 email and June 3, 2026 letter attaching the Subpoena to Produce Documents and Proof of Service. The email and letter noted that Royster failed to comply with the Subpoena and did not object or respond to the Subpoena in violation of Federal Rule of Civil Procedure 45. The letter further stated that it was being sent pursuant to Federal Rule of Civil Procedure 37, United States District Court for the Southern District of Florida Local Rules 7.1(a)(3) and 26.1(g), and United States District Court for the Southern District of Ohio Rule 37.1, and represents Movants' good faith efforts to confer with him and exhaust extrajudicial means to resolve issues regarding his failure to comply with the Subpoena. The email and letter also informed Royster that if he did respond to the letter with his willingness to confer through extrajudicial means to resolve issues regarding his failure to comply with the Subpoena by June 8, 2026, Movants would have no choice but to initiate an action in the United States District Court for the Southern District of Ohio to raise his failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against him, including seeking an Order from the Court to hold him in contempt pursuant to Federal Rule

2

of Civil Procedure 45(g) and an Order requiring him to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5). The email and letter also requested that Royster forward the letter to his counsel if he has obtained counsel to represent him in connection with the Subpoena. As of the date of this Declaration, Royster has not responded to the June 3, 2026 email and letter.

7.      Movants and I have exhausted all means to contact Royster and all extrajudicial efforts to obtain his compliance with the subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2026, in Cincinnati, Ohio.

DAVID T. BULES

3

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   9:25-cv-81197-DMM |
| JOHN ELIK, ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Phillip J. Royster
1036 Barth Rd., Belpre, OH 45714-9592

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communications (including emails, text messages, and direct messages) between you and Alexander Holladay relating to the web series and website called "Gatalog University."

| Place: Documents to be delivered electronically to undersigned counsel: beverman@pryorcashman.com | Date and Time: 04/17/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/24/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | s/ Brendan Everman |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
Brendan Everman | 255 Alhambra Circle, 8th Floor, Miami, FL 33134     , who issues or requests this subpoena, are:
beverman@pryorcashman.com | 786-582-3007 | Counsel for Plaintiffs

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:25-cv-81197-DMM

*emailed 3.30.26*

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Phillip J. Royster

on *(date)* 03/27/2026 .

☒ I served the subpoena by delivering a copy to the named person as follows:

Phillip Royster by personal Service

on *(date)* 3.27.26 ; or 2115hr.

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ 25 — for travel and $ 10 — for services, for a total of $ 35 —

I declare under penalty of perjury that this information is true.

Date: 3.30.26

Lt. J McConnell / jc
*Server's signature*

Lt. J McConnell
*Printed name and title*

205 Putnam St., Marietta OH 45750
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH  DIVISION**

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

          Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,  and Zackary
Clark, individually

          Defendants.

_____/

**SECOND AMENDED COMPLAINT**

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. ("DEFCAD"),

file this Second Amended Complaint against Defendants, Messrs. John Elik, Matthew Larosiere,

Alexander Holladay, Peter Celentano, Josh Kiel Stroke, and John Lettman, and Zackary Clark,

and allege:

**Introduction**.

Defendants jointly operate a 3D gun file business conducted through MAF Corp., which is

informally known as "The Gatalog". The Gatalog/MAF Corp. is accessed at www.thegatalog.com.

The Gatalog/MAF Corp. is the RICO enterprise, and is a direct competitor of Plaintiff, DEFCAD.

Defendants conspired to make false statements about DEFCAD and to steer them \to their

rival business, The Gatalog/MAF Corp.  These statements include: (1) DEFCAD has been hacked

and its customers' names "dumped" and/or "doxed" (publicized); and, (2) DEFCAD hosts its website in Iran.  Both statements influence 3D gun customers, because these customers generally shun government interference, avoid public exposure, and are fiercely patriotic.  These false statements have caused DEFCAD to lose profits.

DEFCAD seeks damages pursuant to civil RICO, the Lanham Act and Florida law. In addition, DEFCAD seeks preliminary and permanent injunctive relief preventing Defendants from making further false statements to drive business to The Gatalog/MAF Corp.

**Parties, Jurisdiction & Venue.**

1.    Plaintiff, Defense Distributed, is a Texas corporation with its principal place of business in Texas.

2.    Plaintiff, DEFCAD, Inc., is a Texas corporation with its principal place of business in Texas.

3.    Plaintiff, DD Foundation, LLC, is a Texas limited liability company whose members reside in Texas.

4.    Defendant, Matthew Larosiere, is a citizen and resident of Florida.

5.    Defendant, John Elik, is a citizen and resident of Illinois.

6.    Defendant, Alexander Holladay, is a citizen and resident of Florida.

7.    Defendant, Peter Celentano, is a citizen and resident of New York.

8.    Defendant, Josh Kiel Stroke, is a citizen and resident of Arizona.

9.    Defendant, John Lettman, is a citizen and resident of Pennsylvania.

10.    Defendant, Zackary Clark is a citizen and resident of South Carolina.

11.     The Court has subject matter jurisdiction of the RICO and Lanham Act claims as federal questions, 28 U.S.C. § 1331, and from RICO's civil damages provisions, 18 U.S.C. §§ 1964(c) and 1965(a).

12.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiffs (citizens of Texas) are completely diverse from each Defendant (citizens of Florida, Illinois, New York, Arizona, Pennsylvania and South Carolina).

13.     This Court has supplemental personal jurisdiction over Defendants for the Florida claims because they arise from the same common nucleus of facts as the RICO and Lanham Act claims.

14.     Venue is proper here, pursuant to 18 U.S.C. §1965(a), because Defendant, Mr. Larosiere, resides in this District. Jurisdiction and venue are proper as to the other Defendants because they conspired with Mr. Larosiere to violate RICO, and can thus be served outside this District pursuant to §1965(b).  Moreover, the "ends of justice" support adjudicating all members of this RICO conspiracy together in this action.

### **Facts Common to All Counts.**

15.     Plaintiffs share the income produced by DEFCAD's legal file sharing business, through online sales, mainly generated through their website: www.defcad.com.

16.     Defendants are active in the 3D gun market and came together to challenge DEFCAD's position in this growing industry.

17.     Defendants began their plot to damage DEFCAD in 2019 when Defendant, Mr. Elik, reached out to Mr. Cody Wilson, owner and principal of DEFCAD, to collaborate in firearms software and hardware development.

18. Defendant, Mr. Elik, visited DEFCAD's business facility in Austin, Texas.

19. DEFCAD and Defendant, Mr. Elik, reached an agreement in 2019, whereby DEFCAD would pay him a fee for each customer he brought to DEFCAD's website, which was then being prepared for launch.

20. In March 2020, DEFCAD launched www.defcad.com.

21. After March 2020, DEFCAD made monthly payments to Defendant, Mr. Elik, pursuant to the agreement, until August 2022.

22. At that time, Defendant, Mr. Elik became associated with The Gatalog, and its affiliated business, MAF Corp., a Florida corporation ("MAF"), which sells merchandise used in conjunction with The Gatalog's 3D gun files.

23. Defendant, Mr. Elik then became hostile and demanded that if DEFCAD did not remove certain files from its website, Gatalog would spread disinformation about DEFCAD.

24. Mr. Elik followed through on the threat, and in May 2023, by agreement with the other Defendants, his business partners began posting a "FEDCAD" meme — a graphic stating, "FRIENDS DON'T LET FRIENDS USE FEDCAD."

25. The ad perniciously tells potential DEFCAD customers DEFCAD should be known as "FEDCAD" because its database has been "hacked" and "dumped" multiple times, implying customers' identities and other personal information would be known to federal authorities and anti-gun activists who might harass them:

26.     Defendants published and amplified this false meme across Reddit, Twitter (X), Facebook, and other social media forums, always in commercial contexts directing users to TheGatalog.com.

27.     Defendant Celentano, by agreement with the Co-Defendants, repeatedly posted the "FEDCAD" meme on Reddit. His posts remain among the top search results for "DEFCAD" on Google, where he warned potential customers not to use DEFCAD and directed them instead to The Gatalog.

28.     Defendant Holladay, an affiliate of The Gatalog, per agreement with the co-Defendants, embedded the "FEDCAD" meme in his own business's "Quick Start Guide" for 3D printing firearms, publishing it on www.ctrlpew.com, in December 2023. It also directs readers to "just say no" to FEDCAD and its "affiliate sites," which include Defense Distributed.

29.     In late 2024, Defendant Lettman repeatedly posted content on X indicating DEFCAD was hosted in Iran.

30.     In April 2024, the meme was pinned to the top of the r/fosscad Reddit forum — a community of over 100,000 people in the 3D gun marketplace — ensuring maximum exposure of the false message DEFCAD was unsafe and compromised.

31.     Defendant, Josh Stroke, through the persona "Zona", funded through Larosiere's MAF Corp., reposted the "FEDCAD" meme across dozens of online channels in 2023 and 2024.

32.     In the 3D gun marketplace it is well known consumers shun publicity and government scrutiny. Thus, when such allegations are made falsely, they are malicious, i.e., designed to destroy the seller-customer relationship.

33.     Defendants targeted the meme at DEFCAD's partners, including non-parties, Messrs. Barret Collier and Eric Goldhaber, who ceased working with the company after receiving the negative misinformation.

34.    Defendants' false allegations of DEFCAD being hacked, its data dumped, and being hosted in illegal territories like Iran, have damaged DEFCAD by significantly decreasing DEFCAD's revenue and profits.

35.    Moreover, Defendants continued and continue to make the same false allegations on the internet repeatedly since May 2023.

36.    On December 31, 2025, Defendant Clark, who may have joined the conspiracy later, posted the same FEDCAD meme using the handle "@Armed Joy", on X, likely with the approval of Larosiere:



7

37. Plaintiffs understand Defendant, Mr. Clark, is affiliated with MAF Corp., the RICO enterprise, as an employee or independent contractor, and joined the conspiracy knowing and approving of the co-conspirators actions taken against DEFCAD.

38. In particular, Plaintiffs understand Defendant, Mr. Clark, is the editor of an online show sponsored by MAF Corp., called "Fuddbusters", for which Defendant, Mr. Larosiere, is the host:



39. In addition, Defendant Clark promotes the Gatalog online:



8

40.     Each use of the internet to spread damaging disinformation violates the federal wire fraud statute, 18 U.S.C. § 1343, which prohibits "schemes to defraud" involving interstate wires, with "wires" including social media posts used in a scheme to defraud.

41.     DEFCAD estimates Plaintiffs have lost at least $1,000,000 in profits as a direct result of the false statements Defendants have made online, detailed above.

## COUNT I- CONSPIRACY TO VIOLATE RICO

42.     Plaintiffs reincorporate Paragraphs 1 to 41 above, as if fully restated herein.

43.     Defendants' scheme to destroy DEFCAD, to which all the Defendants agreed to undertake, required an ongoing series of wire fraud violations.

44.     The scheme is intended to damage Plaintiffs by taking away customers through false statements, and Defendants' wire fraud crimes have done so.

45.     Each Defendant is a "person" as defined by 18 U.S.C. §1961(3).

46.     Wire fraud is made a form of "racketeering activity" by RICO as defined by 18 U.S.C. § 1961(1)(B).

47.     The ongoing wire fraud Defendants agreed to commit, and committed, constitutes a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5).

48.     This is both a "closed" pattern, as it has occurred over a lengthy period, and an "open" pattern, as it will not cease without judicial intervention.

49.     Defendants' pattern of wire fraud has been committed through MAF, which Defendant, Mr. Larosiere, owns.

50.     At all times, the other Defendants followed Defendant, Mr. Larosiere's direction in carrying out their roles in the scheme through this Florida corporation, which is a RICO enterprise as defined by 18 U.S.C. § 1961(4).

9

51.     MAF affects interstate commerce through contracts with customers in various states to sell gun parts and through its internet activity.

52.     Thus, by agreeing to the scheme to be carried out through the MAF enterprise, each Defendant conspired to violate 18 U.S.C. §1962(c), which makes it illegal for any person "employed by or associated with" an enterprise to commit a pattern of racketeering activity through the enterprise.

53.     Thus, each Defendant has violated 18 U.S.C. §1962(d), which prohibits conspiracies to violate 1962(c).

WHEREFORE, Plaintiffs request a judgment be entered against Defendants, jointly and severally, for three times their damages, prejudgment interest, attorneys' fees, costs, and any other relief the Court deems proper pursuant to 18 U.S.C. §1964(c), and enter preliminary and permanent injunctions against Defendants barring them from continuing to make allegations against Plaintiffs to the effect any of them has  been hacked and/or that its customers identities are being made public, pursuant to 18 U.S.C. §1964(a).

### COUNT II- VOLATION OF THE LANHAM ACT,  (FALSE ADVERTISING)

54.     Plaintiffs incorporate Paragraphs 1-41 above, as if fully restated herein.

55.     Defendants violated the Lanham Act by engaging in false or misleading representations of fact in commercial advertising and promotion, including but not limited to: (a) Branding DEFCAD as "FEDCAD" and asserting that DEFCAD's database had been "hacked and dumped multiple times"; (b) Falsely claiming that DEFCAD "doxxes" its customers by providing personal information to federal authorities and anti-gun activists; (c) Alleging that DEFCAD colluded with gun-control groups and federal authorities; (d) Disseminating these statements through the "FEDCAD" meme and related graphics across social media platforms, including

Reddit, Twitter (X), Facebook, and other online forums; and, (e) Publishing the meme in commercial contexts intended to divert customers from DEFCAD to The Gatalog and related enterprises.

56.     These statements are false or misleading as to material facts and are likely to deceive, had the tendency to deceive, or actually deceived consumers, as alleged herein.

57.     Defendants made these statements knowingly and with the intent to harm DEFCAD and divert business to their own competing enterprises, in part, because in the context of this market for products, the Defendants deception was likely to influence purchasing decisions.

58.     Defendants' false advertising directly and proximately caused actual damages to Plaintiffs, including lost revenue, lost customers, lost goodwill, and reputational harm.

59.     Defendants have been unjustly enriched by profits obtained as a result of their false advertising.

60.     Plaintiffs have no adequate remedy at law, as the false and misleading statements continue to be disseminated online, causing ongoing harm to DEFCAD's business.

WHEREFORE, Plaintiffs request judgment against Defendants for the amount of their damages, disgorgement of their profits obtained from the violations of the Lanham Act detailed above, attorneys' fees and costs pursuant to 15 U.S.C. §1117.  Plaintiffs also seek preliminary and permanent injunctions against Defendants to stop their false advertising pursuant to 15 U.S.C. §1116.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS UNDER FLORIDA LAW  (*Against Solely the Florida Defendants*)

61.     Plaintiffs incorporate Paragraphs 1-41 above, as if fully set forth herein.

62.     Defendants, Messrs. Larosiere and Holladay, are residents of Florida, and this Court is directed solely to those to Defendants.

11

63.     Plaintiffs had advantageous business and contractual relationships with customers, vendors, and partners, including, but not limited to: customers and potential customers navigating or seeking to navigate the DEFCAD site; and creators who host files and designed on the DEFCAD site, like Messrs. Barret Collier and Eric Goldhaber, who hosted their files and designs on the DEFCAD site and generated income for DEFCAD when customers purchased their filed and designs.

64.     Defendants, Messrs. Larosiere and Holladay, had knowledge of these relationships by virtue of their own participation in the same 3D-gun-file marketplace and through prior dealings and communications with DEFCAD and its representatives. Defendants specifically targeted Plaintiffs' customers and business partners with the intent of disrupting and terminating those relationships.

65.     Defendant Larosiere, acting through his Florida corporation MAF Corp., and Defendant Holladay, acting through his affiliate website ctrlpew.com, intentionally and without justification interfered with these relationships by publishing and amplifying the false "FEDCAD" meme and related statements that (a) DEFCAD had been "hacked and dumped multiple times," (b) DEFCAD "doxxed" its customers, and (c) DEFCAD's servers were hosted in Iran.

66.     These false statements were made in commercial contexts, including Reddit, Twitter (X), and Florida-based online forums, with the intent and foreseeable effect of deterring DEFCAD's customers and partners from doing business with Plaintiffs and redirecting them to The Gatalog and MAF Corp.

67.     Interviews with former customers of the DEFCAD site confirmed multiple customers specifically stopped doing business with DEFCAD through its site because of the FEDCAD meme and related misinformation propagated by Defendants.

68.     In addition, Messrs. Collier and Goldhaber stopped hosting their files and designs on the DEFCAD site because of the FEDCAD meme and related misinformation propagated by Defendants.

69.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered identifiable losses, including the termination of business relationships with Collier and Goldhaber, who refuse to host their designs and files on Plaintiffs' site due to the Defendants' misinformation campaign. Plaintiffs have also suffered diminished customer goodwill, lost sales and profit, and substantial reputational and financial harm in an amount exceeding $1 million.

WHEREFORE, Plaintiffs request judgment against Defendants for compensatory damages, costs, and any other and further relief the Court deems proper.

February 6, 2026.

> TAFT STETTINIUS & HOLLISTER LLP
> 525 Okeechobee Blvd., Suite 900
> West Palm Beach, FL 33401
> Tel. (561) 655-2250
> Email: gweiss@taftlaw.com
> *Attorneys for Plaintiffs*
>
>
> By: _s/ GREGORY S. WEISS_
>    GREGORY S. WEISS
>    Florida Bar No. 163430
>
> And
>
> FOSTER PC
> Howard Foster, Admitted *Pro Hac Vice*
> 155 N. Wacker Dr., Suite 4250
> Chicago, IL 60606
> 312-726-1600
> hfoster@fosterpc.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

*s/* GREGORY S. WEISS
GREGORY S. WEISS, ESQ.
Florida Bar No. 163430

**SERVICE LIST**:

**Matthew Larosiere, Esq.**
Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Tel. (561) 452-7575
Larosiere@gmail.com
*Attorney for Defendants, John Elik,*
*Alexander Holladay, Josh Kiel Stroke*
*and John Lettman*

**Zachary Z. Zermay, Esq.**
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Tel. (305) 767-3529
*Attorney for Defendant, Matthew Larosiere*

14

# EXHIBIT 3

**David T. Bules**

| | |
|---|---|
| **From:** | David T. Bules |
| **Sent:** | Wednesday, June 3, 2026 10:20 AM |
| **To:** | 'YeezyPrints@protonmail.com' |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena |
| **Attachments:** | 6.3.26 Rule 37 Letter to Royster.pdf |

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by  **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules

1



**Calfee, Halter & Griswold LLP**
Attorneys at Law

2800 First Financial Tower
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.693.4880 **Phone**

dbules@calfee.com
513.693.6934892 **Direct**

June 3, 2026

***VIA EMAIL AND FEDEX OVERNIGHT***

Phillip J. Royster
1036 Barth Rd.
Belpre, OH 45714-9592
Email: YeezyPrints@protonmail.com

Re:    *Defense Distributed, et al. v. John Elik, et al.*, United States District Court for the
         Southern District of Florida, Case No. 9:25-cv-81197-DMM

Dear Mr. Royster:

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026. Attached hereto as Exhibit A is a copy of the Subpoena and Proof of Service.

As set forth in the Subpoena, DEFCAD commanded your production of: "All communications (including emails, texts messages and direct messages) between you and Alexander Holladay relating to the web series and website called 'Gatalog University.'" *See* Ex. A., Subpoena. The Subpoena commanded production of all responsive documents to be delivered via email to DEFCAD's counsel in the Florida Action by April 17, 2026. You have failed to comply with the Subpoena and have not objected or responded to the Subpoena at all in violation of Federal Rule of Civil Procedure 45.

This letter is sent pursuant to Federal Rule of Civil Procedure 37, United States District Court for the Southern District of Florida Local Rules 7.1(a)(3) and 26.1(g), and United States District Court for the Southern District of Ohio Rule 37.1, and represents DEFCAD's good faith efforts to confer with you and exhaust extrajudicial means to resolve issues regarding your failure to comply with the Subpoena.

If you do not respond to this letter with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by  **June 8, 2026**, DEFCAD will have no choice but to initiate an action in the United States District Court for the Southern

4925-3786-1042, v.1

District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by the **June 8, 2026** deadline set forth above.

Very truly yours,

*/s/ David T. Bules*

David T. Bules


Attachments

4925-3786-1042, v.1

CALFEE.COM   |   888.CALFEE1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 9:25-cv-81197-DMM |
| JOHN ELIK, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Phillip J. Royster
1036 Barth Rd., Belpre, OH 45714-9592

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communications (including emails, text messages, and direct messages) between you and Alexander Holladay relating to the web series and website called "Gatalog University."

| Place: Documents to be delivered electronically to undersigned counsel: beverman@pryorcashman.com | Date and Time: 04/17/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/24/2026

CLERK OF COURT

OR

_____           s/ Brendan Everman
_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Brendan Everman | 255 Alhambra Circle, 8th Floor, Miami, FL 33134 , who issues or requests this subpoena, are:
beverman@pryorcashman.com | 786-582-3007 | Counsel for Plaintiffs

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:25-cv-81197-DMM

*emailed 3.30.26*

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* Phillip J. Royster

on *(date)* 03/27/2026 .

☒ I served the subpoena by delivering a copy to the named person as follows:

*Phillip Royster by personal service*

on *(date)* 3.27.26 ; or 2115hr.

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ 25 — for travel and $ 10 — for services, for a total of $ 35 —

I declare under penalty of perjury that this information is true.

Date: 3.30.26

Lt. J McConnell /jc

*Server's signature*

Lt. J McConnell

*Printed name and title*

205 Putnam St., Marietta OH 45750

*Server's address*

Additional information regarding attempted service, etc.:

SHERIFF WASHINGTON CO. OH
2025 MAR 27 AM 10:40

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Direct Transcript from Phillip Royster's (YZY Prints) YouTube channel episode: **I'm Not Going To El Salvador (and you don't have to, either)**

Source: https://www.youtube.com/watch?v=ycL-cEPviG0

Royster (00:40):

So I'm going to tell you right now. I'm not fucking going to El Salvador.

(01:15):

With the stroke of a pen, Donald Trump's fascist regime has stolen tens of billions of dollars from people like you and I. They're forcing dozens of rural hospitals to close. They're stealing food and healthcare from the poorest among us. The fascists in charge have ballooned the federal debt and tens of millions of Americans are expected to lose healthcare coverage, just altogether, and within the next decade. They have stolen all of this money from the futures of your kids, your grandkids, your nieces, nephews, your friends and family. They have given this money, over $170 billion, to Immigration and Customs Enforcement, or what has become known as ICE. This money under the Big Beautiful Bill will be used to build over 100,000 beds, $14 billion is allocated for transportation and "removals." 10,000 new deportation officers. They're spending billions for tech upgrades. They're spending billions on state and local cooperation programs, and they're going to be training more elite BORTAC agents.

(02:16):

ICE has been tasked with extra-judicial extraditions, kidnapping anyone they deem undesirable, and this is usually Black, Latino, Arab, native people, and deporting them. Oftentimes to countries that people have never even been to, have no familial ties to, have no business being there entirely altogether.

Announcer (02:38):

The Trump administration first deported 261 people

Announcer (02:42):

To El Salvador on March 15th. Protest Thomas Secretary of State Marco Rubio announces the feds have revoked hundreds of student visas. Rubio says the government has the right to rescind visas for foreign born students who take part in demonstrations. A few days ago, ICE agents were caught on video taking a Tufts University PhD student into custody in Massachusetts.

Royster (03:09):

We've witnessed where dozens of masked men showing up in unmarked cars, wearing body armor and pointing guns and rifles, and covering or just removing completely their name badges and IDs, are kidnapping people at gunpoint and disappearing them off of the street. In broad daylight. ICE has deported dozens of people to El Salvador who have never even been to El Salvador before. They have no connections. And Trump has said that he wants to keep sending citizens to Cecot.

Announcer (03:37):

El Salvador claims it is Latin America's biggest, with capacity for 40,000 inmates. Sale has said the prison costs $115 million to develop and equip. Video taken from inside the facility often shows prisoners tightly packed together with their heads shaved... It cited a study that found Cecot inmates had an average of 6.45 square feet of space, which is below international standards.

Royster (04:00):

Donald Trump has said that he doesn't consider citizens a special class of people and that he would have no problem sending people who have been here "a long time" to El Salvador. People have been telling me for years that they're scared, that trans people will be rounded up and placed into concentration camps, that state and local law enforcement will seize someone's kids for providing them healthcare when they're trans, that women will be sent to breeding colonies just like in Handmaid's Tale. I have found that many use this as a sign to fall into apathy and despair. I hear talk of people wanting to flee the country, but I caution you that this is what the fascists want. They want you to be scared. And I don't blame you for being scared, because I'm scared too. But if you allow me for a second, I'd like to push back just a little bit on this apathy and despair.

(04:48):

If you have come to the conclusion that one day the police, ICE, BORTAC, the FBI, or even a civilian militia, a Christian nationalist militia, if you have come to the conclusion that one day they're going to try to kidnap you, are you going to be resigned to fate and go willingly? Are you just going to follow with them, bow your head, take a knee, and just let them brutalize you? Because I'm going to tell you right now, I'm not fucking going to El Salvador.

(05:22):

Let's back up and follow this idea to its logical conclusion. If you have come to the conclusion that, "Yes, ICE is going to kidnap me for being Latino or the Sheriff's Department is going to take my trans kid away from me, or I'm going to be rounded up one day from my political beliefs and placed in a camp." If you are just now entertaining the possibility that one day the state can and will--and possibly may try--to kidnap you and lock you away, first of all, welcome. The water is warm here. Second of all, what are you going to do about it? Are you just going to resign to fate and let the masked men disappear you in front of your family, desecrate your home, deprive you of basic human rights? Or are you going to tell them no because, and here's the thing that they don't want you to think about too much,

(06:06):

You don't have to fucking go to El Salvador. You can just say no. Fuck you. You see, fascists operate on fear. For anyone that is not in the fascist ingroup, the party in charge needs you to be afraid of them so that you don't challenge their power. They go to great lengths to tell you through propaganda that your resistance is futile, that failure to comply with their edicts [is] terrorism, that you are an enemy of the state, you're a lawless, paid actor. Fascists need you to be resigned to fear because at the end of the day, they are made of the same blood, sweat, and flesh as the rest of us. They have families. They have names, they have addresses, they don't want to be shot. There are few good reasons to live in the United States, but as an American citizen we have access as civilians to arguably the best and most modern small arms weaponry in the world. (Montage of Columbine shooting, Trump assassination, Luigi Mangione, Las Vegas shooting and Waco standoff)

(07:15):

Say what you will about American culture, this is the one thing we are very good at. For $500, you can buy an AR-15, you can buy a 30-round magazine, you can buy 150 rounds of 556 NATO rounds. I have spent years, literally years, showing you all that 3D-printed guns like this AR-15 right here are capable, viable, not overly-difficult to assemble and radically ... They're cool as fuck, honestly. They're just rad. You don't need a serial number for one of these. You can build them at home with basic hand tools, and they're made with oftentimes the same parts as law enforcement. An AR-15 is an AR-15 at the end of the day, regardless. Whether you live in California, Nevada, Washington, or Minnesota, you can order

the parts online, ship them directly to your front door. Anyone, anywhere in the world could arm themselves discreetly and effectively if they choose to do so.

(08:11):

Here in America we have it pretty much made, where we can buy the parts to build an AR-15. You can install things like forced reset triggers, super safeties. You can equalize the playing field between you and the officers.

(08:27):

You need to consider the fact that a rifle is a force equalizer when it comes to defending yourself against a fascist regime. Everyone's scenario's going to look a little bit different. For some people, it might look like a Glock 19 that they start carrying with them in their waistband or purse. For others, it might look like a 20-inch AR-15 with a mag full of M-85 A1 rounds. It might look like a bugout bag in your car. It might look like motion-activated lights or cameras around the exterior of your house.

Everyone's situation will be a little bit different, but you better send bachelor's and come heavily armed, because I'm not fucking going to El Salvador, and you don't have to go either. The people that are taking your rights from you have names and addresses. And I assure you, when they show up to kidnap you, you don't have to go willingly.

(09:13):

Thank you for watching. I hope I gave you some food for thought.









