# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, *et al.*, | ) | CASE NO. 2:26-mc-00019-JLG-KAJ |
| | ) | |
| Movants, | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KIMBERLY A. |
| | ) | JOLSON |
| PHILLIP J. ROYSTER, | ) | |
| | ) | **DECLARATION OF DAVID T. BULES** |
| Non-Movant. | ) | **IN SUPPORT OF STATUS REPORT IN** |
| | ) | **ACCORDANCE WITH COURT'S** |
| | ) | **JUNE 10, 2026 ORDER** |
| | ) | |
| | ) | |

DAVID T. BULES, pursuant to 28 U.S.C. § 1746, declares and states as follows:

1.      I am over the age of eighteen. I have personal knowledge of all facts set forth herein and am competent to testify thereto.

2.      I am a partner at Calfee, Halter & Griswold LLP. I am one of the attorneys for Movants Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "Movants" or "DEFCAD"), in the above-captioned action. I submit this Declaration in connection with the Status Report in Accordance With Court's June 10, 2026 Order (Doc. 5) and to detail efforts to confer with Non-Movant Phillip J. Royster ("Royster") regarding Movants' Motion to Compel Compliance With Subpoena and for Sanctions (the "Motion") (Doc. 1).

3.      In accordance with the Order, on June 10, 2026, Movants served a copy of the Order upon Royster via email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to Mr. Royster's last known mailing address:

Mr. Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

*See* Movants' Certificate of Service of Court's June 10, 2026 Order on Non-Movant Phillip J. Royster (Doc. 6). The Certificate of Service provided Royster's last known mailing address as required by the Court's Order. *Id.* Movants also served the Certificate of Service on Mr. Royster via email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to Mr. Royster's last known mailing address. *Id.*

4.  The email and letter correspondence sent to Mr. Royster on June 10, 2026 providing the Order also informed Mr. Royster of the Order's requirements that the parties confer regarding the pending Motion and file a status report regarding their conference by June 22, 2026, and requested that Mr. Royster provide availability for a phone or Zoom conference as soon as possible. A true and accurate copy of the June 10, 2026 Email and Letter to Mr. Royster are attached hereto as **Exhibit 1**. As with prior correspondence accompanying the Motion, the correspondence also requested that if Mr. Royster has obtained counsel to represent him in connection with the Subpoena and/or this action, Mr. Royster should forward the correspondence to his counsel, who should contact Movants' counsel as soon as possible to confer regarding the Motion. *Id.*.

5.  Movants subsequently obtained additional information concerning additional email addresses and a phone number associated with Mr. Royster. Utilizing the email address set forth above and additional email addresses associated with Mr. Royster, on June 11, 2026, I sent Mr. Royster an email attaching additional copies of prior correspondence referenced in the Motion, as well as the Motion (Doc. 1), Corporate Disclosure Statements for the three Movants (Docs. 2, 3, and 4), the Order (Doc. 5), and the Certificate of Service (Doc. 6), all of which were previously served on Mr. Royster. A true and accurate copy of the June 11, 2026 Email and attachments sent to Mr. Royster is attached hereto as **Exhibit 2**. The June 11, 2026 email again informed Mr.

2

Royster of the Order's requirements that the parties confer regarding the pending Motion and file a status report regarding their conference by June 22, 2026, and requested that Mr. Royster provide availability for a phone or Zoom conference as soon as possible. *Id.* It also again requested that if Mr. Royster has obtained counsel to represent him in connection with the Subpoena and/or this action, Mr. Royster should forward the correspondence to his counsel, who should contact Movants' counsel as soon as possible to confer regarding the Motion. *Id..*

6. Utilizing the telephone number associated with Mr. Royster, I also placed phone calls to Mr. Royster on June 10, 2026, June 17, 2026, June 18, 2026, and June 19, 2026, each time leaving a voicemail for Mr. Royster with details about this action, the Motion, and the Order, and requesting that Mr. Royster contact Movants' counsel to confer regarding the Motion.

7. On June 21, 2026, Mr. Royster responded via email to the June 11, 2026 email referenced above. Based on Mr. Royster's email response, the parties have resolved the dispute that is the subject of the Motion pending before the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 22, 2026, in Cincinnati, Ohio.

_____

DAVID T. BULES

3

# EXHIBIT 1

## Kara Johnson

| | |
|---|---|
| **From:** | David T. Bules |
| **Sent:** | Wednesday, June 10, 2026 3:45 PM |
| **To:** | YeezyPrints@protonmail.com |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ |
| **Attachments:** | Ltr to P. Royster sending Notation Order - 6.10.26.pdf; Docket Report.pdf; Notation Order.pdf |

Mr. Royster,

Attached please find a service copy of an Order issued by the Court today in the above-referenced action, as well as the attached correspondence regarding that Order.

As noted in the letter, the Court has Ordered the parties, including you, to confer regarding the pending Motion to Compel Compliance with Subpoena and For Sanctions. The Court has also Ordered the parties to file a status report regarding their conference by June 22, 2026.

Please provide availability for a phone or Zoom conference as soon as possible.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or this action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Please confirm receipt of this email and the attached Order.

Thank you.

-David Bules

---

**From:** David T. Bules
**Sent:** Tuesday, June 9, 2026 9:46 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** 'Howard Foster' <hfoster@fosterpc.com>; 'Brendan Everman' <beverman@pryorcashman.com>
**Subject:** RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ

Mr. Royster,

Attached please find a file-stamped copy of the Movants' Motion to Compel Compliance with Subpoena and For Sanctions, which was filed today in the above-refenced action initiated against you today in the United States District Court for the Southern District of Ohio. Also attached are file-stamped copies of Corporate Disclosure Statements filed on behalf of the Movants. Also attached are notices of electronic filing for the motion and the corporate disclosure statements, as well as an additional notice received from the Court.

Thank you.

-David Bules

**From:** David T. Bules
**Sent:** Wednesday, June 3, 2026 10:20 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>; Brendan Everman <beverman@pryorcashman.com>
**Subject:** Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules



**Calfee, Halter & Griswold LLP**
Attorneys at Law

2800 First Financial Tower
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.693.4880 **Phone**

David T. Bules
Direct: 513.693.4829
dbules@calfee.com

June 10, 2026

***Via Regular U.S. Mail, Certified Mail/Return Receipt Requested,***
***Federal Express and Email (YeezyPrints@protonmail.com)***

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

Re:    *Defense Distributed, et al. v. Phillip J. Royster*; Case No. 2:26-mc-00019-JLG-KJA, United States District Court for the Southern District of Ohio

Dear Mr. Royster:

Enclosed please find a service copy of the Notation Order (the "Order") entered by Magistrate Judge Kimberly A. Jolson in the above-referenced action on June 10, 2026, as well as a copy of the Docket Report in that action. We are serving the Order on you via the above-referenced means in accordance with the Court's Order.

As you know, we served you with a Motion to Compel Compliance with Subpoena and for Sanctions (the "Motion"), which was filed in the same action, on June 9, 2026, via the same above-referenced means. We confirmed delivery of the Motion to your residence via FedEx.

The Court's Order requires the parties, including you, to:

- Confer on the Motion; and
- File a Status Report regarding their conference by June 22, 2026.

In accordance with the Court's Order we are reaching out to schedule a conference with you to discuss the Motion, which we are happy to hold by phone, Zoom or other videoconference means.

We have attempted to contact you at (567) 288-7056 and at YeezyPrints@protonmail.com to discuss this matter. Please confirm that this phone number and email address are valid means of contacting you.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or this action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Sincerely,

David T. Bules

DTB/kdj
Enclosure

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **Sent:** | Wednesday, June 10, 2026 1:21 PM |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered on 6/10/2026 at 1:21 PM EDT and filed on 6/10/2026

**Case Name:** Defense Distributed et al v. Royster
**Case Number:** 2:26-mc-00019-JLG-KAJ
**Filer:**
**Document Number:** 5(No document attached)

**Docket Text:**
**NOTATION ORDER - Briefing on Movants' Motion to Compel and for Sanctions (Doc. [1]) is STAYED. The parties are ORDERED to confer on the Motion. They are ORDERED to file a status report detailing their conference by 6/22/2026. Movants are ORDERED to promptly serve a copy of this Order on Non-Movant Royster. Movants are further ORDERED to file a certificate of service afterwards that also provides Non-Movant Royster's last known mailing address. Signed by Magistrate Judge Kimberly A. Jolson on 6/10/26. (jr)**

**2:26-mc-00019-JLG-KAJ Notice has been electronically mailed to:**

David Thomas Bules    dbules@calfee.com, kjohnson@calfee.com

**2:26-mc-00019-JLG-KAJ Notice has been delivered by other means to:**

1

# U.S. District Court
## Southern District of Ohio (Columbus)
## CIVIL DOCKET FOR CASE #: 2:26-mc-00019-JLG-KAJ

Defense Distributed et al v. Royster
Assigned to: Judge James L. Graham
Referred to: Magistrate Judge Kimberly A. Jolson
Cause: Civil Miscellaneous Case

Date Filed: 06/09/2026
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Defense Distributed**                     represented by **David Thomas Bules**
                                            Calfee, Halter & Griswold LLP
                                            2800 First Financial Center
                                            255 East Fifth Street
                                            Cincinnati, OH 45202
                                            513-693-4892
                                            Email: dbules@calfee.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DD Foundation LLC**                       represented by **David Thomas Bules**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DEFCAD, Inc.**                            represented by **David Thomas Bules**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Phillip J. Royster**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/09/2026 | 1 | MOTION to Compel *Compliance with Subpoena and for Sanctions* by Plaintiffs DD Foundation LLC, DEFCAD, Inc., Defense Distributed. (Attachments: # 1 Exhibit Declaration of David T. Bules) (Bules, David) (Entered: 06/09/2026) |
| 06/09/2026 | 2 | Corporate Disclosure Statement by Plaintiff Defense Distributed. (Bules, David) (Entered: 06/09/2026) |
| 06/09/2026 | 3 | Corporate Disclosure Statement by Plaintiff DD Foundation LLC. (Bules, David) (Entered: 06/09/2026) |
| 06/09/2026 | 4 | Corporate Disclosure Statement by Plaintiff DEFCAD, Inc.. (Bules, David) (Entered: 06/09/2026) |

| 06/09/2026 | | Judge James L. Graham and Magistrate Judge Kimberly A. Jolson added. Motions referred to Kimberly A. Jolson. (er) (Entered: 06/09/2026) |
|---|---|---|
| 06/09/2026 | | Filing fee: $ 52, receipt number AOHSDC-11078040. (Bules, David) (Entered: 06/09/2026) |
| 06/10/2026 | 5 | NOTATION ORDER - Briefing on Movants' Motion to Compel and for Sanctions (Doc. 1 ) is **STAYED**. The parties are **ORDERED** to confer on the Motion. They are **ORDERED** to file a status report detailing their conference by 6/22/2026. Movants are **ORDERED** to promptly serve a copy of this Order on Non-Movant Royster. Movants are further **ORDERED** to file a certificate of service afterwards that also provides Non-Movant Royster's last known mailing address. Signed by Magistrate Judge Kimberly A. Jolson on 6/10/26. (jr) (Entered: 06/10/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/10/2026 14:16:49 | | | |
| **PACER Login:** | dtbules19 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:26-mc-00019-JLG-KAJ |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT 2

# Kara Johnson

| | |
|---|---|
| **From:** | David T. Bules |
| **Sent:** | Thursday, June 11, 2026 12:03 PM |
| **To:** | p.royster@outlook.com; patrickpurt@gmail.com; philliproyster@gmail.com; pjfunkalot@aol.com; pjroyster@gmail.com |
| **Cc:** | Howard Foster; Everman, Brendan |
| **Subject:** | Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ |
| **Attachments:** | RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ; RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ; RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ; Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena |

Mr. Royster,

Attached please find various correspondence, Court filings, and a Court Order, that we have delivered to you and served on you between June 3, 2026 and June 10, 2026.

The correspondence, Court filings and Court Order relate to a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in an action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), which was personally served on you on March 27, 2026, to which you have failed to respond. That failure to respond to the Subpoena led to the above-referenced action being initiated against you in the United States District Court for the Southern District of Ohio (the "Ohio Action").

All of the attached Court filings and Court Order from the above-referenced Ohio Action have been served on you, which include:

- Movants' Motion to Compel Compliance with Subpoena and For Sanctions (Doc. 1)
- Corporate Disclosure Statements for the three Movants (Docs. 2, 3 and 4)
- Court's June 10, 2026 Notation Order (Doc. 5)
- Certificate of Service of Court's June 10, 2026 Notation Order (Doc. 6)

As noted in the attached June 10, 2026 email and letter, the Court in the Ohio Action has Ordered the parties, including you, to confer regarding the pending Motion to Compel Compliance with Subpoena and For Sanctions. The Court has also Ordered the parties to file a status report regarding their conference by June 22, 2026.

Please provide availability for a phone or Zoom conference as soon as possible.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or the Ohio Action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Thank you.

-David Bules

## Kara Johnson

| | |
|---|---|
| **From:** | David T. Bules |
| **Sent:** | Wednesday, June 10, 2026 4:27 PM |
| **To:** | YeezyPrints@protonmail.com |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ |
| **Attachments:** | Doc. 6 - Certificate of Service of Court's June 10, 2026 Order.pdf; Activity in Case 2:26-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Certificate of Service |

Mr. Royster,

Attached please find a service copy of the Certificate of Service of Court's June 10, 2026 Order on Non-Movant Phillip J. Royster, which was filed today with the Court in the above-referenced action.

Thank you.

-David Bules

**From:** David T. Bules
**Sent:** Wednesday, June 10, 2026 3:45 PM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** 'Howard Foster' <hfoster@fosterpc.com>; 'Brendan Everman' <beverman@pryorcashman.com>
**Subject:** RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ

Mr. Royster,

Attached please find a service copy of an Order issued by the Court today in the above-referenced action, as well as the attached correspondence regarding that Order.

As noted in the letter, the Court has Ordered the parties, including you, to confer regarding the pending Motion to Compel Compliance with Subpoena and For Sanctions. The Court has also Ordered the parties to file a status report regarding their conference by June 22, 2026.

Please provide availability for a phone or Zoom conference as soon as possible.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or this action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Please confirm receipt of this email and the attached Order.

Thank you.

-David Bules

**From:** David T. Bules
**Sent:** Tuesday, June 9, 2026 9:46 AM

1

**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** 'Howard Foster' <hfoster@fosterpc.com>; 'Brendan Everman' <beverman@pryorcashman.com>
**Subject:** RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ

Mr. Royster,

Attached please find a file-stamped copy of the Movants' Motion to Compel Compliance with Subpoena and For Sanctions, which was filed today in the above-refenced action initiated against you today in the United States District Court for the Southern District of Ohio. Also attached are file-stamped copies of Corporate Disclosure Statements filed on behalf of the Movants. Also attached are notices of electronic filing for the motion and the corporate disclosure statements, as well as an additional notice received from the Court.

Thank you.

-David Bules

---

**From:** David T. Bules
**Sent:** Wednesday, June 3, 2026 10:20 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>; Brendan Everman <beverman@pryorcashman.com>
**Subject:** Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules

| | |
|---|---|
| **From:** | David T. Bules |
| **To:** | YeezyPrints@protonmail.com |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ |
| **Date:** | Wednesday, June 10, 2026 4:26:59 PM |
| **Attachments:** | Doc. 6 - Certificate of Service of Court"s June 10, 2026 Order.pdf |
| | Activity in Case 226-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Certificate of Service.msg |

Mr. Royster,

Attached please find a service copy of the Certificate of Service of Court's June 10, 2026 Order on Non-Movant Phillip J. Royster, which was filed today with the Court in the above-referenced action.

Thank you.

-David Bules

---

**From:** David T. Bules
**Sent:** Wednesday, June 10, 2026 3:45 PM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** 'Howard Foster' <hfoster@fosterpc.com>; 'Brendan Everman' <beverman@pryorcashman.com>
**Subject:** RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ

Mr. Royster,

Attached please find a service copy of an Order issued by the Court today in the above-referenced action, as well as the attached correspondence regarding that Order.

As noted in the letter, the Court has Ordered the parties, including you, to confer regarding the pending Motion to Compel Compliance with Subpoena and For Sanctions. The Court has also Ordered the parties to file a status report regarding their conference by June 22, 2026.

Please provide availability for a phone or Zoom conference as soon as possible.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or this action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Please confirm receipt of this email and the attached Order.

Thank you.

-David Bules

---

**From:** David T. Bules

**Sent:** Tuesday, June 9, 2026 9:46 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** 'Howard Foster' <hfoster@fosterpc.com>; 'Brendan Everman' <beverman@pryorcashman.com>
**Subject:** RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ

Mr. Royster,

Attached please find a file-stamped copy of the Movants' Motion to Compel Compliance with Subpoena and For Sanctions, which was filed today in the above-refenced action initiated against you today in the United States District Court for the Southern District of Ohio. Also attached are file-stamped copies of Corporate Disclosure Statements filed on behalf of the Movants. Also attached are notices of electronic filing for the motion and the corporate disclosure statements, as well as an additional notice received from the Court.

Thank you.

-David Bules

---

**From:** David T. Bules
**Sent:** Wednesday, June 3, 2026 10:20 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>; Brendan Everman <beverman@pryorcashman.com>
**Subject:** Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, et al. | ) | CASE NO. 2:26-mc-00019-JLG-KAJ |
| | ) | |
| Movants, | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KIMBERLY A. |
| | ) | JOLSON |
| PHILLIP J. ROYSTER | ) | |
| 1036 Barth Road | ) | **MOVANTS DEFENSE DISTRIBUTED,** |
| Belpre, Ohio 45714-9592 | ) | **DD FOUNDATION, LLC AND** |
| | ) | **DEFCAD, INC.'S CERTIFICATE OF** |
| Non-Movant. | ) | **SERVICE OF COURT'S JUNE 10, 2026** |
| | ) | **ORDER ON NON-MOVANT PHILLIP** |
| | ) | **J. ROYSTER** |

In accordance with the Court's June 10, 2026 Notation Order (the "Order") (Doc. 5), Movants Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "Movants" or "DEFCAD") submit this Certificate of Service of the Order on Non-Movant Phillip J. Royster ("Royster"). The undersigned hereby certifies that on June 10, 2026, a copy of the Court's Order was served upon Non-Movant Phillip J. Royster via email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to Mr. Royster's last known mailing address:

> Mr. Phillip J. Royster
> 1036 Barth Road
> Belpre, Ohio 45714-9592
> Email: YeezyPrints@protonmail.com

Respectfully submitted,

*/s/ David T. Bules*
David T. Bules (0083834)
CALFEE, HALTER & GRISWOLD LLP
2800 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
Telephone: (513) 693-4892
Facsimile: (513) 842-7028
dbules@calfee.com

*Attorneys for Movants Defense Distributed,*
*DD Foundation, LLC and DEFCAD, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, a copy of the foregoing *Certificate of Service of Court's June 10, 2026 Order on Non-Movant Phillip J. Royster* was filed with the Clerk of the Court using the CM/ECF system. I further certify that on June 10, 2026, a copy of the foregoing *Certificate of Service of Court's June 10, 2026 Order on Non-Movant Phillip J. Royster* and a copy of the Court's June 10, 2026 Notation Order (the "Order") were served upon Non-Movant Phillip J. Royster via email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to Mr. Royster's last known mailing address:

> Phillip J. Royster
> 1036 Barth Road
> Belpre, Ohio 45714-9592
> Email: YeezyPrints@protonmail.com
>
> *Non-Movant*

 /s/ David T. Bules
*David T. Bules*

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Certificate of Service |
| **Date:** | Wednesday, June 10, 2026 4:18:49 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Southern District of Ohio

### Notice of Electronic Filing

The following transaction was entered by Bules, David on 6/10/2026 at 4:16 PM EDT and filed on 6/10/2026

| | |
|---|---|
| **Case Name:** | Defense Distributed et al v. Royster |
| **Case Number:** | 2:26-mc-00019-JLG-KAJ |
| **Filer:** | DD Foundation LLC |
| | DEFCAD, Inc. |
| | Defense Distributed |

**Document Number:** 6

**Docket Text:**
**CERTIFICATE OF SERVICE by Plaintiffs DD Foundation LLC, DEFCAD, Inc., Defense Distributed re [5] Order,, (Bules, David)**

**2:26-mc-00019-JLG-KAJ Notice has been electronically mailed to:**

David Thomas Bules    dbules@calfee.com, kjohnson@calfee.com

**2:26-mc-00019-JLG-KAJ Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=6/10/2026] [FileNumber=9834375-0
] [6fa4413750f9204ffe7e8aafa09b770ddcc0686bd5612ccf11162e7e54688929e5f
5d8a4fb71b2c71d31fe3c491ae3910a5f2826c614f025075be217f64b2c4b]]

## Kara Johnson

| | |
|---|---|
| **From:** | David T. Bules |
| **Sent:** | Wednesday, June 10, 2026 3:45 PM |
| **To:** | YeezyPrints@protonmail.com |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ |
| **Attachments:** | Ltr to P. Royster sending Notation Order - 6.10.26.pdf; Docket Report.pdf; Notation Order.pdf |

Mr. Royster,

Attached please find a service copy of an Order issued by the Court today in the above-referenced action, as well as the attached correspondence regarding that Order.

As noted in the letter, the Court has Ordered the parties, including you, to confer regarding the pending Motion to Compel Compliance with Subpoena and For Sanctions. The Court has also Ordered the parties to file a status report regarding their conference by June 22, 2026.

Please provide availability for a phone or Zoom conference as soon as possible.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or this action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Please confirm receipt of this email and the attached Order.

Thank you.

-David Bules

**From:** David T. Bules
**Sent:** Tuesday, June 9, 2026 9:46 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** 'Howard Foster' <hfoster@fosterpc.com>; 'Brendan Everman' <beverman@pryorcashman.com>
**Subject:** RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ

Mr. Royster,

Attached please find a file-stamped copy of the Movants' Motion to Compel Compliance with Subpoena and For Sanctions, which was filed today in the above-refenced action initiated against you today in the United States District Court for the Southern District of Ohio. Also attached are file-stamped copies of Corporate Disclosure Statements filed on behalf of the Movants. Also attached are notices of electronic filing for the motion and the corporate disclosure statements, as well as an additional notice received from the Court.

Thank you.

-David Bules

**From:** David T. Bules
**Sent:** Wednesday, June 3, 2026 10:20 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>; Brendan Everman <beverman@pryorcashman.com>
**Subject:** Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules

2



**Calfee, Halter & Griswold LLP**
Attorneys at Law

2800 First Financial Tower
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.693.4880 **Phone**

David T. Bules
Direct: 513.693.4829
dbules@calfee.com

June 10, 2026

***Via Regular U.S. Mail, Certified Mail/Return Receipt Requested,
Federal Express and Email (YeezyPrints@protonmail.com)***

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

Re:     *Defense Distributed, et al. v. Phillip J. Royster*; Case No. 2:26-mc-00019-JLG-KJA, United States District Court for the Southern District of Ohio

Dear Mr. Royster:

Enclosed please find a service copy of the Notation Order (the "Order") entered by Magistrate Judge Kimberly A. Jolson in the above-referenced action on June 10, 2026, as well as a copy of the Docket Report in that action. We are serving the Order on you via the above-referenced means in accordance with the Court's Order.

As you know, we served you with a Motion to Compel Compliance with Subpoena and for Sanctions (the "Motion"), which was filed in the same action, on June 9, 2026, via the same above-referenced means. We confirmed delivery of the Motion to your residence via FedEx.

The Court's Order requires the parties, including you, to:

- Confer on the Motion; and
- File a Status Report regarding their conference by June 22, 2026.

In accordance with the Court's Order we are reaching out to schedule a conference with you to discuss the Motion, which we are happy to hold by phone, Zoom or other videoconference means.

We have attempted to contact you at (567) 288-7056 and at YeezyPrints@protonmail.com to discuss this matter. Please confirm that this phone number and email address are valid means of contacting you.

As noted in our prior correspondence, if you have obtained counsel to represent you in connection with the Subpoena and/or this action, please forward this letter to your counsel, who should contact me as soon as possible to confer on the Motion.

Sincerely,

David T. Bules

DTB/kdj
Enclosure

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **Sent:** | Wednesday, June 10, 2026 1:21 PM |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered on 6/10/2026 at 1:21 PM EDT and filed on 6/10/2026
**Case Name:**      Defense Distributed et al v. Royster
**Case Number:**      2:26-mc-00019-JLG-KAJ
**Filer:**
**Document Number:** 5(No document attached)

**Docket Text:**
**NOTATION ORDER - Briefing on Movants' Motion to Compel and for Sanctions (Doc. [1]) is STAYED. The parties are ORDERED to confer on the Motion. They are ORDERED to file a status report detailing their conference by 6/22/2026. Movants are ORDERED to promptly serve a copy of this Order on Non-Movant Royster. Movants are further ORDERED to file a certificate of service afterwards that also provides Non-Movant Royster's last known mailing address. Signed by Magistrate Judge Kimberly A. Jolson on 6/10/26. (jr)**

**2:26-mc-00019-JLG-KAJ Notice has been electronically mailed to:**

David Thomas Bules    dbules@calfee.com, kjohnson@calfee.com

**2:26-mc-00019-JLG-KAJ Notice has been delivered by other means to:**

1

# U.S. District Court
## Southern District of Ohio (Columbus)
## CIVIL DOCKET FOR CASE #: 2:26-mc-00019-JLG-KAJ

| | |
|---|---|
| Defense Distributed et al v. Royster | Date Filed: 06/09/2026 |
| Assigned to: Judge James L. Graham | Jury Demand: None |
| Referred to: Magistrate Judge Kimberly A. Jolson | Nature of Suit: 890 Other Statutory Actions |
| Cause: Civil Miscellaneous Case | Jurisdiction: Federal Question |

**Plaintiff**

**Defense Distributed**                    represented by **David Thomas Bules**
Calfee, Halter & Griswold LLP
2800 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
513-693-4892
Email: dbules@calfee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DD Foundation LLC**                    represented by **David Thomas Bules**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DEFCAD, Inc.**                    represented by **David Thomas Bules**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Phillip J. Royster**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/09/2026 | 1 | MOTION to Compel *Compliance with Subpoena and for Sanctions* by Plaintiffs DD Foundation LLC, DEFCAD, Inc., Defense Distributed. (Attachments: # 1 Exhibit Declaration of David T. Bules) (Bules, David) (Entered: 06/09/2026) |
| 06/09/2026 | 2 | Corporate Disclosure Statement by Plaintiff Defense Distributed. (Bules, David) (Entered: 06/09/2026) |
| 06/09/2026 | 3 | Corporate Disclosure Statement by Plaintiff DD Foundation LLC. (Bules, David) (Entered: 06/09/2026) |
| 06/09/2026 | 4 | Corporate Disclosure Statement by Plaintiff DEFCAD, Inc.. (Bules, David) (Entered: 06/09/2026) |

| 06/09/2026 | | Judge James L. Graham and Magistrate Judge Kimberly A. Jolson added. Motions referred to Kimberly A. Jolson. (er) (Entered: 06/09/2026) |
|---|---|---|
| 06/09/2026 | | Filing fee: $ 52, receipt number AOHSDC-11078040. (Bules, David) (Entered: 06/09/2026) |
| 06/10/2026 | 5 | NOTATION ORDER - Briefing on Movants' Motion to Compel and for Sanctions (Doc. 1 ) is **STAYED**. The parties are **ORDERED** to confer on the Motion. They are **ORDERED** to file a status report detailing their conference by 6/22/2026. Movants are **ORDERED** to promptly serve a copy of this Order on Non-Movant Royster. Movants are further **ORDERED** to file a certificate of service afterwards that also provides Non-Movant Royster's last known mailing address. Signed by Magistrate Judge Kimberly A. Jolson on 6/10/26. (jr) (Entered: 06/10/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/10/2026 14:16:49 | | |
| **PACER Login:** | dtbules19 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:26-mc-00019-JLG-KAJ |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

| | |
|---|---|
| **From:** | David T. Bules |
| **To:** | YeezyPrints@protonmail.com |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | RE: Defense Distributed, et al. v. Phillip J. Royster, United States District Court for the Southern District of Ohio, Case No. 2:26-mc-00019-JLG-KAJ |
| **Date:** | Tuesday, June 9, 2026 9:45:44 AM |
| **Attachments:** | Activity in Case 226-mc-00019 Defense Distributed et al v. Royster Motion to Compel.msg |
| | Activity in Case 226-mc-00019 Defense Distributed et al v. Royster Corporate Disclosure Statement.msg |
| | Activity in Case 226-mc-00019 Defense Distributed et al v. Royster Corporate Disclosure Statement.msg |
| | Activity in Case 226-mc-00019 Defense Distributed et al v. Royster Corporate Disclosure Statement.msg |
| | DD Foundation Corporate Disclosure Statement.pdf |
| | Defense Distributed Corporate Disclosure Statement.pdf |
| | DEFCAD-Mtn to Compel Subpoena Compliance.pdf |
| | DEFCAD Corporate Disclosure Statement.pdf |
| | Activity in Case 226-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Add and Terminate Judges.msg |

Mr. Royster,

Attached please find a file-stamped copy of the Movants' Motion to Compel Compliance with Subpoena and For Sanctions, which was filed today in the above-refenced action initiated against you today in the United States District Court for the Southern District of Ohio. Also attached are file-stamped copies of Corporate Disclosure Statements filed on behalf of the Movants. Also attached are notices of electronic filing for the motion and the corporate disclosure statements, as well as an additional notice received from the Court.

Thank you.

-David Bules

**From:** David T. Bules
**Sent:** Wednesday, June 3, 2026 10:20 AM
**To:** 'YeezyPrints@protonmail.com' <YeezyPrints@protonmail.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>; Brendan Everman <beverman@pryorcashman.com>
**Subject:** Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to

raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules

| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
|---|---|
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019 Defense Distributed et al v. Royster Motion to Compel |
| **Date:** | Tuesday, June 9, 2026 9:29:54 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered by Bules, David on 6/9/2026 at 9:27 AM EDT and filed on 6/9/2026

| **Case Name:** | Defense Distributed et al v. Royster |
|---|---|
| **Case Number:** | 2:26-mc-00019 |
| **Filer:** | DD Foundation LLC |
| | DEFCAD, Inc. |
| | Defense Distributed |

**Document Number:** 1

**Docket Text:**
**MOTION to Compel *Compliance with Subpoena and for Sanctions* by Plaintiffs DD Foundation LLC, DEFCAD, Inc., Defense Distributed. (Attachments: # (1) Exhibit Declaration of David T. Bules) (Bules, David)**

**2:26-mc-00019 Notice has been electronically mailed to:**

David Thomas Bules     dbules@calfee.com, knorwick@calfee.com

**2:26-mc-00019 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=6/9/2026] [FileNumber=9830521-0]
[6a8bacbb72055ff03698ad2008b3688c43226d8d819cbf9702e78830a991000fd225
f80f62c3e64dff4cf3d353767c67e1c636d2361a5880717cbd6a7eff91f7]]

**Document description:**Exhibit Declaration of David T. Bules
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=6/9/2026] [FileNumber=9830521-1]
[9ce22f65afda1de5fef4a959cd92e52aa423721cbc543735256fd9a1977ff0771a00
fabb2676983578ccf676632e8bef0ef695503e40cfe1226df01018c12e86]]

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019 Defense Distributed et al v. Royster Corporate Disclosure Statement |
| **Date:** | Tuesday, June 9, 2026 9:33:13 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered by Bules, David on 6/9/2026 at 9:32 AM EDT and filed on 6/9/2026

| | |
|---|---|
| **Case Name:** | Defense Distributed et al v. Royster |
| **Case Number:** | 2:26-mc-00019 |
| **Filer:** | Defense Distributed |
| **Document Number:** | 2 |

**Docket Text:**
**Corporate Disclosure Statement by Plaintiff Defense Distributed. (Bules, David)**

**2:26-mc-00019 Notice has been electronically mailed to:**

David Thomas Bules    dbules@calfee.com, knorwick@calfee.com

**2:26-mc-00019 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=6/9/2026] [FileNumber=9830531-0]
[45e31e346404a4339e7706f0682c92dfc2bc2d5789efe8dc35a19c7df62afa797908
7bf40cb9a959638fa32fc461b976d12d8386a409a80541db292291b3ec66]]

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019 Defense Distributed et al v. Royster Corporate Disclosure Statement |
| **Date:** | Tuesday, June 9, 2026 9:34:39 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered by Bules, David on 6/9/2026 at 9:33 AM EDT and filed on 6/9/2026

**Case Name:** Defense Distributed et al v. Royster
**Case Number:** 2:26-mc-00019
**Filer:** DD Foundation LLC
**Document Number:** 3

**Docket Text:**
**Corporate Disclosure Statement by Plaintiff DD Foundation LLC. (Bules, David)**

**2:26-mc-00019 Notice has been electronically mailed to:**

David Thomas Bules     dbules@calfee.com, knorwick@calfee.com

**2:26-mc-00019 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=6/9/2026] [FileNumber=9830534-0] [601905fa7df3477347c23bac4d103353660e03b2b803e8748f7a2ce2167371d12280 afdbf2c163e8a09f2da167a8c8f33eeffbf7866ec9daff4b4507dd16921e]]

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019 Defense Distributed et al v. Royster Corporate Disclosure Statement |
| **Date:** | Tuesday, June 9, 2026 9:35:29 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered by Bules, David on 6/9/2026 at 9:34 AM EDT and filed on 6/9/2026

**Case Name:** Defense Distributed et al v. Royster
**Case Number:** 2:26-mc-00019
**Filer:** DEFCAD, Inc.
**Document Number:** 4

**Docket Text:**
**Corporate Disclosure Statement by Plaintiff DEFCAD, Inc.. (Bules, David)**

**2:26-mc-00019 Notice has been electronically mailed to:**

David Thomas Bules    dbules@calfee.com, knorwick@calfee.com

**2:26-mc-00019 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=6/9/2026] [FileNumber=9830537-0]
[7190d5e3622d8aa63255830f34a320eec4cc2f7503d9a3d304baa0c01783277cb951
dbd3fb46813255abeff595115735e80bf381d9d93a289e38cb1217364ea1]]

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED<br>8403 Cross Park Dr., Ste. 3E<br>Austin, TX 78754-4575 | )<br>)<br>) | CASE NO.: |
| | ) | JUDGE: |
| DD FOUNDATION LLC<br>5900 Balconies Dr., Ste. 16112<br>Austin, TX 78731-4257 | )<br>)<br>)<br>) | **MOVANTS DEFENSE DISTRIBUTED,<br>DD FOUNDATION, LLC AND<br>DEFCAD, INC.'S MOTION TO<br>COMPEL COMPLIANCE WITH** |
| DEFCAD, INC.<br>2320 Donley Dr., Ste. C<br>Austin, TX 78758-4514 | )<br>)<br>) | **SUBPOENA AND FOR SANCTIONS** |
| Movants, | )<br>)<br>) | |
| v. | )<br>) | |
| PHILLIP J. ROYSTER<br>1036 Barth Road<br>Belpre, Ohio 45714-9592 | )<br>)<br>)<br>) | |
| Non-Movant. | ) | |

Pursuant to Federal Rules of Civil Procedure 26, 37(a) and 45, Movants Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "Movants" or "DEFCAD") respectfully move this Court for an Order compelling non-movant Phillip J. Royster ("Royster") to comply with a subpoena to produce documents (the "Subpoena") issued to him on March 24, 2026 in an action pending in the United States District Court for the Southern District of Florida, *Defense Distributed, et al. v. Elik, et. al.*, No. 9:25-cv-81197-DMM (S.D. Fla.) (the "Florida Action") and served on him by personal service within this district on March 27, 2026. *See* Declaration of David T. Bules ("Bules Decl."), attached hereto as Exhibit A, at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service.

As more fully set forth in the attached Memorandum in Support, the Subpoena commanded Royster to produce by April 17, 2026, a single category of documents—all communications

between Royster and a defendant in the Florida Action relating to a web series and website called "Gatalog University." *Id*. Royster failed to object, respond or produce any documents by the April 17, 2026 deadline. *Id*. at ¶ 5.

Pursuant to Federal Rules of Civil Procedure 37(a)(5) and 45(g), Movants also respectfully move the Court for an Order issuing sanctions against Royster for failing to comply with the Subpoena, including to hold Royster in contempt and to order Royster to pay Movants' their reasonable expenses incurred in initiating this action and bringing this motion, including their attorney's fees and the costs of this action.

To the extent applicable, in accordance with L.R. 37.1 and as set forth in the Bules Decl., Movants have exhausted all extrajudicial means of attempting to obtain Royster's compliance with the Subpoena before initiating this action and bringing this motion. Ex. A, Bules Decl. at ¶¶ 6-7. Royster has not provided any response to those efforts, leaving Movants with no option but to initiate this action and bring the instant motion. *Id*. at ¶ 6.

Respectfully submitted,

*s/ David T. Bules*
David T. Bules (0083834)
CALFEE, HALTER & GRISWOLD LLP
2800 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
Telephone: (513) 693-4892
Facsimile: (513) 842-7028
Email: dbules@calfee.com

*Attorneys for Movants Defense Distributed,*
*DD Foundation, LLC and DEFCAD, Inc.*

**MEMORANDUM IN SUPPORT**

## I.  BACKGROUND

The underlying Florida Action stems from false statements made by the defendants intended to unlawfully divert DEFCAD's customers to themselves. DEFCAD operates a file sharing business, which includes the sale of 3D gun files. The defendants in the Florida Action— various individuals associated with a competing 3D gun file business known as "The Gatalog"— made numerous false statements that DEFCAD's database was hacked and that its website is hosted in Iran, in order to steer DEFCAD's customers to The Gatalog. These false statements have been made on The Gatalog's website and web series, "Gatalog University," among other mediums.

These false statements and resulting interference with DEFCAD's customer base prompted DEFCAD to initiate the Florida Action, asserting claims against the defendants for conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act, violation of the Lanham Act, and tortious interference with business relationships under Florida law. *See* Ex. A, Bules Decl. at ¶ 4, Ex. 2, Florida Action Second Amended Complaint (Doc. 49). Although Royster is not named as a defendant in the Florida Action, DEFCAD became aware of Royster's association with The Gatalog and Gatalog University, and his association with at least three of the defendants in the Florida Action (Alexander Holladay, John Elik and Matthew Larosiere) who are also associated with The Gatalog and Gatalog University.

As a result of his association with Holladay and "The Gatalog," the Subpoena was issued on March 24, 2026 to Royster seeking production of: "All communications (including emails, texts messages and direct messages) between [Royster] and Alexander Holladay relating to the web series and website called 'Gatalog University.'" *See* Ex. A., Bules Decl. at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service. Royster was served with the Subpoena at his Belpre,

Ohio residence, which is within this district. *Id*. The Subpoena commanded electronic delivery of responsive documents via email to Movants' counsel in the Florida Action by April 17, 2026. *Id*.

To date, Royster has wholly failed to comply with the Subpoena. *Id*. at ¶¶ 5, 7. Royster has not objected or responded to the Subpoena or produced any responsive documents. *Id*.

## II.      COMPLIANCE WITH LOCAL RULE 37.1

Local Rule 37.1 generally requires parties in a discovery dispute to attempt to resolve the dispute before seeking court intervention. *See* L.R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in the Court under any provision in Fed. R. Civ. P. 26 or 37 unless ***the parties*** have first exhausted among themselves all extrajudicial means for resolving their differences.") (emphasis added). But because the subpoena was issued to Royster— a non-party to the Florida Action—courts within this judicial district have held that such efforts are not necessary because Local Rule 37.1 does not apply to disputes regarding third-party subpoenas. *See Holland v. Adena Health Sys.*, 2025 U.S. Dist. LEXIS 188868, *5-6 (S.D. Ohio Sept. 25, 2025) ("Local Rule 37.1 and the Preliminary Pretrial Order do not clearly apply to disputes regarding third-party subpoenas.").

Counsel for Movants has nonetheless attempted to contact Royster and obtain compliance with the Subpoena following personal service of the Subpoena. *See* Ex. A., Bules Decl. at ¶ 6, Ex. 3, June 3, 2026 email and letter attaching Subpoena and Proof of Service.  As set forth in the Bules Decl., on June 3, 2026, shortly after counsel for Movants was engaged to serve as local counsel with respect to efforts to obtain compliance with the Subpoena issued to Royster by Movants and their separate Florida counsel in the Florida Action, counsel for Movants emailed a letter sent pursuant to Local Rule 37.1 (attaching the Subpoena and Proof of Service) to an email address that may be associated with Royster and sent the same letter to Royster's Belpre, Ohio residence via

FedEx overnight delivery. *Id*. That email and letter informed Royster that if he did not contact counsel for Movant by June 8, 2026, Movants would initiate this action and file this motion to compel compliance with the Subpoena and seek sanctions against Royster for failing to comply with the Subpoena, including seeking an Order to hold Royster in contempt and to order Royster to pay Movants' their reasonable expenses incurred in making this motion, including attorney's fees and the costs of this action. *Id*.

Royster failed to respond to the email and letter by June 8, 2026. *Id.* To the extent L.R. 37.1 applies to disputes regarding third-party subpoenas, Movants have exhausted all extrajudicial means of attempting to obtain Royster's compliance with the Subpoena before initiating this action and bringing this motion. *Id.* at ¶ 7. Royster's failure to comply with the Subpoena or respond to these extrajudicial means have necessitated Movants bringing this action and filing the instant motion.

## III.    LAW AND ARGUMENT

Discovery may be conducted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery that may be obtained via subpoena under Rule 45 of the Federal Rules of Civil Procedure "is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). A non-party to an action may be compelled to produce discoverable documents and things as provided in Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

Movants issued a Subpoena to Royster in the Florida Action commanding production of a single category of communications between Royster and Holladay (a defendant in the Florida

3

Action), which are relevant to Movants' claims against the defendants in the Florida Action. *See* Ex. A, Bules Decl. at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service.  Royster is a known associate of Holladay, other defendants, The Gatalog, and Gatalog University.

The Subpoena is narrowly tailored and proportional to the needs of the Florida Action, as it seeks only communications between Royster and one other person (Holladay, a defendant in the Florida Action) relating to one topic (a web series and website called "Gatalog University"). The communications sought between Royster and Holladay are relevant to the claims against the defendants in the Florida Action because the defendants (including Holladay) made false statements about Movants on The Gatalog University website and web series and Royster is associated with The Gatalog and Holladay. Through these false statements, the defendants attempted to divert DEFCAD'S business to themselves. Based on his association with Holladay, The Gatalog and Gatalog University, Movants are entitled to all communications between Royster and Holladay relating to the website and web series called The Gatalog, including to ascertain whether such communications support their claims against the defendants. The Court should therefore grant this motion and issue an Order requiring Royster to comply with the Subpoena.

## IV.    SANCTIONS

Federal Rule of Civil Procedure 45(g) provides: "The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).  The Subpoena was issued to Royster and served on Royster by personal service at his residence within this judicial district. *See* Ex. A, Bules Decl. at ¶ 3, Ex. 1, Subpoena to Produce Documents and Proof of Service. Royster has failed to comply

with the Subpoena without excuse, has not objected, responded or produced the documents sought, and has not responded to extrajudicial efforts to obtain his compliance. *Id*. at ¶¶ 5-7.

As a result of Royster's failure to comply with the Subpoena, Movants are entitled to an Order holding Royster in contempt pursuant to Federal Rule of Civil Procedure 45(g). *See, e.g., Retail Serv. Sys., Inc. v. Penuel*, 2015 U.S. Dist. LEXIS 183523, *3 (S.D. Ohio Jan. 13, 2015) (ordering nonparty to show cause why he should not be held in contempt for failing to respond to a subpoena without adequate excuse); *see also Ortega v. Nationwide Child.'s Hosp.*, 2025 U.S. Dist. LEXIS 216007, *8 (S.D. Ohio Nov. 3, 2025) (same). This Court should therefore issue an Order to Royster to show cause why he should not be held in contempt for failure to comply with the Subpoena.

Movants are also entitled to additional sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5). Rule 37(a)(5), with limited exceptions, mandates that a movant's reasonable expenses, including attorney's fees, incurred in making a motion be paid by the party whose conduct necessitated the motion. *See* Fed. R. Civ. P. 37(a)(5) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); *James v. Cuyahoga Cnty.*, 648 F.Supp.3d 897, 909 (N.D. Ohio 2022) (same) (quoting Fed. R. Civ. P. 37(a)(5)(A)). Royster has failed to comply with the Subpoena or respond to extrajudicial efforts to obtain his compliance. *See* Ex. A, Bules Decl. at ¶¶ 5-7. Royster's failure to comply with the Subpoena or respond to these efforts has forced Movants to incur expenses, including attorneys' fees and the costs of this action. Movants therefore respectfully request the Court issue an Order requiring Royster to pay

Movants' their reasonable expenses incurred in making this motion, including attorneys' fees and the costs of this action.

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant their motion and issue an Order compelling Royster to comply with the Subpoena. Movants further respectfully request that the Court issue an Order to Royster to show cause why he should not be held in contempt for failure to comply with the Subpoena and issue an Order requiring Royster to pay Movants' their reasonable expenses incurred in making this motion, including attorneys' fees and the costs of this action.

Respectfully submitted,

*/s/ David T. Bules*
David T. Bules (0083834)
CALFEE, HALTER & GRISWOLD LLP
2800 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
Telephone: (513) 693-4892
Facsimile: (513) 842-7028
dbules@calfee.com

*Attorneys for Movants Defense Distributed,*
*DD Foundation, LLC and DEFCAD, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, a copy of the foregoing *Movants' Motion to Compel Compliance with Subpoena and for Sanctions* was filed with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to:

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

*Non-Movant*

       */s/ David T. Bules*
       *David T. Bules*

# EXHIBIT A

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHO**

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, *et al.*, | ) | CASE NO.: |
| | ) | |
| Movants, | ) | JUDGE: |
| | ) | |
| v. | ) | **DECLARATION OF DAVID T. BULES** |
| | ) | **IN SUPPORT OF MOVANTS' MOTION** |
| PHILLIP J. ROYSTER, | ) | **TO COMPEL COMPLIANCE WITH** |
| | ) | **SUBPOENA AND FOR SANCTIONS** |
| Non-Movant. | ) | |

DAVID T. BULES, pursuant to 28 U.S.C. § 1746, declares and states as follows:

1. I am over the age of eighteen. I have personal knowledge of all facts set forth herein and am competent to testify thereto.

2. I am a partner at Calfee, Halter & Griswold LLP. I am one of the attorneys for Movants Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "Movants" or "DEFCAD"), in the above-captioned action. I submit this Declaration in connection with Movants' Motion to Compel Compliance with Subpoena and for Sanctions.

3. Attached hereto as **Exhibit 1** is a true and accurate copy of the Subpoena to Produce Documents (the "Subpoena") issued to non-movant Phillip J. Royster ("Royster") on March 24, 2026 in an action pending in the United States District Court for the Southern District of Florida, *Defense Distributed, et al. v. Elik, et. al.*, No. 9:25-cv-81197-DMM (S.D. Fla.) (the "Florida Action") and the Proof of Service of the Subpoena demonstrating the Subpoena served on him by personal service within this district on March 27, 2026.

4. Attached hereto as **Exhibit 2** is a true and accurate copy of the Second Amended Complaint (Doc. 49) filed by Plaintiffs Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. in the Florida Action.

5.     Royster did not object or respond to the Subpoena, or produce any documents in response to the Subpoena, by the April 17, 2026 deadline and date of compliance set forth in the Subpoena.

6.     On June 3, 2026, I sent a letter to Royster regarding the Subpoena, attaching a copy of the Subpoena and Proof of Service, via email to an email address that may be associated with Royster (YeezyPrints@protonmail.com). On June 3, 2026, I also sent a copy of the same letter and attached Subpoena and Proof of Service via FedEx overnight delivery to Royster's residence at 1036 Barth Road, Belpre, Ohio 45714-9592, within this judicial district. FedEx confirmed delivery of the letter and attached Subpoena to Royster's residence on June 4, 2026. Attached hereto as **Exhibit 3** are true and accurate copies of the June 3, 2026 email and June 3, 2026 letter attaching the Subpoena to Produce Documents and Proof of Service. The email and letter noted that Royster failed to comply with the Subpoena and did not object or respond to the Subpoena in violation of Federal Rule of Civil Procedure 45. The letter further stated that it was being sent pursuant to Federal Rule of Civil Procedure 37, United States District Court for the Southern District of Florida Local Rules 7.1(a)(3) and 26.1(g), and United States District Court for the Southern District of Ohio Rule 37.1, and represents Movants' good faith efforts to confer with him and exhaust extrajudicial means to resolve issues regarding his failure to comply with the Subpoena. The email and letter also informed Royster that if he did respond to the letter with his willingness to confer through extrajudicial means to resolve issues regarding his failure to comply with the Subpoena by June 8, 2026, Movants would have no choice but to initiate an action in the United States District Court for the Southern District of Ohio to raise his failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against him, including seeking an Order from the Court to hold him in contempt pursuant to Federal Rule

2

of Civil Procedure 45(g) and an Order requiring him to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5). The email and letter also requested that Royster forward the letter to his counsel if he has obtained counsel to represent him in connection with the Subpoena. As of the date of this Declaration, Royster has not responded to the June 3, 2026 email and letter.

7.      Movants and I have exhausted all means to contact Royster and all extrajudicial efforts to obtain his compliance with the subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2026, in Cincinnati, Ohio.

_____
DAVID T. BULES

3

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| DEFENSE DISTRIBUTED, ET AL. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 9:25-cv-81197-DMM |
| JOHN ELIK, ET AL. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Phillip J. Royster
1036 Barth Rd., Belpre, OH 45714-9592

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communications (including emails, text messages, and direct messages) between you and Alexander Holladay relating to the web series and website called "Gatalog University."

| Place: Documents to be delivered electronically to undersigned counsel: beverman@pryorcashman.com | Date and Time: 04/17/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/24/2026

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | s/ Brendan Everman _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs
Brendan Everman | 255 Alhambra Circle, 8th Floor, Miami, FL 33134 , who issues or requests this subpoena, are:
beverman@pryorcashman.com | 786-582-3007 | Counsel for Plaintiffs

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  9:25-cv-81197-DMM

*emailed 3.30.26*

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Phillip J. Royster

on *(date)*   03/27/2026   .

☒ I served the subpoena by delivering a copy to the named person as follows:

Phillip Royster by personal Service

on *(date)*  3.27.26 ; or
2115hr.

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $   25 —   for travel and $  10 —   for services, for a total of $  35 —   .

I declare under penalty of perjury that this information is true.

Date:  3.30.26

Lt. J McConnell /jc
*Server's signature*

Lt. J McConnell
*Printed name and title*

205 Putnam St., Marietta
OH 45750
*Server's address*

Additional information regarding attempted service, etc.:

SHERIFF WASHINGTON CO. OH
2026 MAR 27 AM 0140

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH  DIVISION**

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

        Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,  and Zackary
Clark, individually

        Defendants.

_____/

**SECOND AMENDED COMPLAINT**

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. ("DEFCAD"),

file this Second Amended Complaint against Defendants, Messrs. John Elik, Matthew Larosiere,

Alexander Holladay, Peter Celentano, Josh Kiel Stroke, and John Lettman, and Zackary Clark,

and allege:

**Introduction**.

Defendants jointly operate a 3D gun file business conducted through MAF Corp., which is

informally known as "The Gatalog". The Gatalog/MAF Corp. is accessed at www.thegatalog.com.

The Gatalog/MAF Corp. is the RICO enterprise, and is a direct competitor of Plaintiff, DEFCAD.

Defendants conspired to make false statements about DEFCAD and to steer them \to their

rival business, The Gatalog/MAF Corp.  These statements include: (1) DEFCAD has been hacked

and its customers' names "dumped" and/or "doxed" (publicized); and, (2) DEFCAD hosts its website in Iran. Both statements influence 3D gun customers, because these customers generally shun government interference, avoid public exposure, and are fiercely patriotic. These false statements have caused DEFCAD to lose profits.

DEFCAD seeks damages pursuant to civil RICO, the Lanham Act and Florida law. In addition, DEFCAD seeks preliminary and permanent injunctive relief preventing Defendants from making further false statements to drive business to The Gatalog/MAF Corp.

### Parties, Jurisdiction & Venue.

1.      Plaintiff, Defense Distributed, is a Texas corporation with its principal place of business in Texas.

2.      Plaintiff, DEFCAD, Inc., is a Texas corporation with its principal place of business in Texas.

3.      Plaintiff, DD Foundation, LLC, is a Texas limited liability company whose members reside in Texas.

4.      Defendant, Matthew Larosiere, is a citizen and resident of Florida.

5.      Defendant, John Elik, is a citizen and resident of Illinois.

6.      Defendant, Alexander Holladay, is a citizen and resident of Florida.

7.      Defendant, Peter Celentano, is a citizen and resident of New York.

8.      Defendant, Josh Kiel Stroke, is a citizen and resident of Arizona.

9.      Defendant, John Lettman, is a citizen and resident of Pennsylvania.

10.     Defendant, Zackary Clark is a citizen and resident of South Carolina.

11.      The Court has subject matter jurisdiction of the RICO and Lanham Act claims as federal questions, 28 U.S.C. § 1331, and from RICO's civil damages provisions, 18 U.S.C. §§ 1964(c) and 1965(a).

12.      This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiffs (citizens of Texas) are completely diverse from each Defendant (citizens of Florida, Illinois, New York, Arizona, Pennsylvania and South Carolina).

13.      This Court has supplemental personal jurisdiction over Defendants for the Florida claims because they arise from the same common nucleus of facts as the RICO and Lanham Act claims.

14.      Venue is proper here, pursuant to 18 U.S.C. §1965(a), because Defendant, Mr. Larosiere, resides in this District. Jurisdiction and venue are proper as to the other Defendants because they conspired with Mr. Larosiere to violate RICO, and can thus be served outside this District pursuant to §1965(b).  Moreover, the "ends of justice" support adjudicating all members of this RICO conspiracy together in this action.

**Facts Common to All Counts.**

15.      Plaintiffs share the income produced by DEFCAD's legal file sharing business, through online sales, mainly generated through their website: www.defcad.com.

16.      Defendants are active in the 3D gun market and came together to challenge DEFCAD's position in this growing industry.

17.      Defendants began their plot to damage DEFCAD in 2019 when Defendant, Mr. Elik, reached out to Mr. Cody Wilson, owner and principal of DEFCAD, to collaborate in firearms software and hardware development.

3

18.    Defendant, Mr. Elik, visited DEFCAD's business facility in Austin, Texas.

19.    DEFCAD and Defendant, Mr. Elik, reached an agreement in 2019, whereby DEFCAD would pay him a fee for each customer he brought to DEFCAD's website, which was then being prepared for launch.

20.    In March 2020, DEFCAD launched www.defcad.com.

21.    After March 2020, DEFCAD made monthly payments to Defendant, Mr. Elik, pursuant to the agreement, until August 2022.

22.    At that time, Defendant, Mr. Elik became associated with The Gatalog, and its affiliated business, MAF Corp., a Florida corporation ("MAF"), which sells merchandise used in conjunction with The Gatalog's 3D gun files.

23.    Defendant, Mr. Elik then became hostile and demanded that if DEFCAD did not remove certain files from its website, Gatalog would spread disinformation about DEFCAD.

24.    Mr. Elik followed through on the threat, and in May 2023, by agreement with the other Defendants, his business partners began posting a "FEDCAD" meme — a graphic stating, "FRIENDS DON'T LET FRIENDS USE FEDCAD."

25.    The ad perniciously tells potential DEFCAD customers DEFCAD should be known as "FEDCAD" because its database has been "hacked" and "dumped" multiple times, implying customers' identities and other personal information would be known to federal authorities and anti-gun activists who might harass them:

4

26.     Defendants published and amplified this false meme across Reddit, Twitter (X), Facebook, and other social media forums, always in commercial contexts directing users to TheGatalog.com.

27.     Defendant Celentano, by agreement with the Co-Defendants, repeatedly posted the "FEDCAD" meme on Reddit. His posts remain among the top search results for "DEFCAD" on Google, where he warned potential customers not to use DEFCAD and directed them instead to The Gatalog.

28.     Defendant Holladay, an affiliate of The Gatalog, per agreement with the co-Defendants, embedded the "FEDCAD" meme in his own business's "Quick Start Guide" for 3D printing firearms, publishing it on www.ctrlpew.com, in December 2023. It also directs readers to "just say no" to FEDCAD and its "affiliate sites," which include Defense Distributed.

29.     In late 2024, Defendant Lettman repeatedly posted content on X indicating DEFCAD was hosted in Iran.

30.     In April 2024, the meme was pinned to the top of the r/fosscad Reddit forum — a community of over 100,000 people in the 3D gun marketplace — ensuring maximum exposure of the false message DEFCAD was unsafe and compromised.

31.     Defendant, Josh Stroke, through the persona "Zona", funded through Larosiere's MAF Corp., reposted the "FEDCAD" meme across dozens of online channels in 2023 and 2024.

32.     In the 3D gun marketplace it is well known consumers shun publicity and government scrutiny. Thus, when such allegations are made falsely, they are malicious, i.e., designed to destroy the seller-customer relationship.

33.     Defendants targeted the meme at DEFCAD's partners, including non-parties, Messrs. Barret Collier and Eric Goldhaber, who ceased working with the company after receiving the negative misinformation.

6

34. Defendants' false allegations of DEFCAD being hacked, its data dumped, and being hosted in illegal territories like Iran, have damaged DEFCAD by significantly decreasing DEFCAD's revenue and profits.

35. Moreover, Defendants continued and continue to make the same false allegations on the internet repeatedly since May 2023.

36. On December 31, 2025, Defendant Clark, who may have joined the conspiracy later, posted the same FEDCAD meme using the handle "@Armed Joy", on X, likely with the approval of Larosiere:



37. Plaintiffs understand Defendant, Mr. Clark, is affiliated with MAF Corp., the RICO enterprise, as an employee or independent contractor, and joined the conspiracy knowing and approving of the co-conspirators actions taken against DEFCAD.

38. In particular, Plaintiffs understand Defendant, Mr. Clark, is the editor of an online show sponsored by MAF Corp., called "Fuddbusters", for which Defendant, Mr. Larosiere, is the host:



**Fuddbusters Channel Intro**

10,141 views • 4 years ago

Welcome to the channel! If you want to support Fuddbusters, check out these options:

https://www.patreon.com/FuddBusters
https://www.subscribestar.com/fuddbus...

Thank you for coming, hope to see you soon!

39. In addition, Defendant Clark promotes the Gatalog online:



40. Each use of the internet to spread damaging disinformation violates the federal wire fraud statute, 18 U.S.C. § 1343, which prohibits "schemes to defraud" involving interstate wires, with "wires" including social media posts used in a scheme to defraud.

41. DEFCAD estimates Plaintiffs have lost at least $1,000,000 in profits as a direct result of the false statements Defendants have made online, detailed above.

## COUNT I- CONSPIRACY TO VIOLATE RICO

42. Plaintiffs reincorporate Paragraphs 1 to 41 above, as if fully restated herein.

43. Defendants' scheme to destroy DEFCAD, to which all the Defendants agreed to undertake, required an ongoing series of wire fraud violations.

44. The scheme is intended to damage Plaintiffs by taking away customers through false statements, and Defendants' wire fraud crimes have done so.

45. Each Defendant is a "person" as defined by 18 U.S.C. §1961(3).

46. Wire fraud is made a form of "racketeering activity" by RICO as defined by 18 U.S.C. § 1961(1)(B).

47. The ongoing wire fraud Defendants agreed to commit, and committed, constitutes a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5).

48. This is both a "closed" pattern, as it has occurred over a lengthy period, and an "open" pattern, as it will not cease without judicial intervention.

49. Defendants' pattern of wire fraud has been committed through MAF, which Defendant, Mr. Larosiere, owns.

50. At all times, the other Defendants followed Defendant, Mr. Larosiere's direction in carrying out their roles in the scheme through this Florida corporation, which is a RICO enterprise as defined by 18 U.S.C. § 1961(4).

51.     MAF affects interstate commerce through contracts with customers in various states to sell gun parts and through its internet activity.

52.     Thus, by agreeing to the scheme to be carried out through the MAF enterprise, each Defendant conspired to violate 18 U.S.C. §1962(c), which makes it illegal for any person "employed by or associated with" an enterprise to commit a pattern of racketeering activity through the enterprise.

53.     Thus, each Defendant has violated 18 U.S.C. §1962(d), which prohibits conspiracies to violate 1962(c).

WHEREFORE, Plaintiffs request a judgment be entered against Defendants, jointly and severally, for three times their damages, prejudgment interest, attorneys' fees, costs, and any other relief the Court deems proper pursuant to 18 U.S.C. §1964(c), and enter preliminary and permanent injunctions against Defendants barring them from continuing to make allegations against Plaintiffs to the effect any of them has  been hacked and/or that its customers identities are being made public, pursuant to 18 U.S.C. §1964(a).

## COUNT II- VOLATION OF THE LANHAM ACT,  (FALSE ADVERTISING)

54.     Plaintiffs incorporate Paragraphs 1-41 above, as if fully restated herein.

55.     Defendants violated the Lanham Act by engaging in false or misleading representations of fact in commercial advertising and promotion, including but not limited to: (a) Branding DEFCAD as "FEDCAD" and asserting that DEFCAD's database had been "hacked and dumped multiple times"; (b) Falsely claiming that DEFCAD "doxxes" its customers by providing personal information to federal authorities and anti-gun activists; (c) Alleging that DEFCAD colluded with gun-control groups and federal authorities; (d) Disseminating these statements through the "FEDCAD" meme and related graphics across social media platforms, including

10

Reddit, Twitter (X), Facebook, and other online forums; and, (e) Publishing the meme in commercial contexts intended to divert customers from DEFCAD to The Gatalog and related enterprises.

56. These statements are false or misleading as to material facts and are likely to deceive, had the tendency to deceive, or actually deceived consumers, as alleged herein.

57. Defendants made these statements knowingly and with the intent to harm DEFCAD and divert business to their own competing enterprises, in part, because in the context of this market for products, the Defendants deception was likely to influence purchasing decisions.

58. Defendants' false advertising directly and proximately caused actual damages to Plaintiffs, including lost revenue, lost customers, lost goodwill, and reputational harm.

59. Defendants have been unjustly enriched by profits obtained as a result of their false advertising.

60. Plaintiffs have no adequate remedy at law, as the false and misleading statements continue to be disseminated online, causing ongoing harm to DEFCAD's business.

WHEREFORE, Plaintiffs request judgment against Defendants for the amount of their damages, disgorgement of their profits obtained from the violations of the Lanham Act detailed above, attorneys' fees and costs pursuant to 15 U.S.C. §1117. Plaintiffs also seek preliminary and permanent injunctions against Defendants to stop their false advertising pursuant to 15 U.S.C. §1116.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS UNDER FLORIDA LAW  (*Against Solely the Florida Defendants*)

61. Plaintiffs incorporate Paragraphs 1-41 above, as if fully set forth herein.

62. Defendants, Messrs. Larosiere and Holladay, are residents of Florida, and this Court is directed solely to those to Defendants.

11

63.     Plaintiffs had advantageous business and contractual relationships with customers, vendors, and partners, including, but not limited to: customers and potential customers navigating or seeking to navigate the DEFCAD site; and creators who host files and designed on the DEFCAD site, like Messrs. Barret Collier and Eric Goldhaber, who hosted their files and designs on the DEFCAD site and generated income for DEFCAD when customers purchased their filed and designs.

64.     Defendants, Messrs. Larosiere and Holladay, had knowledge of these relationships by virtue of their own participation in the same 3D-gun-file marketplace and through prior dealings and communications with DEFCAD and its representatives. Defendants specifically targeted Plaintiffs' customers and business partners with the intent of disrupting and terminating those relationships.

65.     Defendant Larosiere, acting through his Florida corporation MAF Corp., and Defendant Holladay, acting through his affiliate website ctrlpew.com, intentionally and without justification interfered with these relationships by publishing and amplifying the false "FEDCAD" meme and related statements that (a) DEFCAD had been "hacked and dumped multiple times," (b) DEFCAD "doxxed" its customers, and (c) DEFCAD's servers were hosted in Iran.

66.     These false statements were made in commercial contexts, including Reddit, Twitter (X), and Florida-based online forums, with the intent and foreseeable effect of deterring DEFCAD's customers and partners from doing business with Plaintiffs and redirecting them to The Gatalog and MAF Corp.

67.     Interviews with former customers of the DEFCAD site confirmed multiple customers specifically stopped doing business with DEFCAD through its site because of the FEDCAD meme and related misinformation propagated by Defendants.

12

68.     In addition, Messrs. Collier and Goldhaber stopped hosting their files and designs on the DEFCAD site because of the FEDCAD meme and related misinformation propagated by Defendants.

69.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered identifiable losses, including the termination of business relationships with Collier and Goldhaber, who refuse to host their designs and files on Plaintiffs' site due to the Defendants' misinformation campaign. Plaintiffs have also suffered diminished customer goodwill, lost sales and profit, and substantial reputational and financial harm in an amount exceeding $1 million.

WHEREFORE, Plaintiffs request judgment against Defendants for compensatory damages, costs, and any other and further relief the Court deems proper.

February 6, 2026.

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com
*Attorneys for Plaintiffs*


By:  _s/ GREGORY S. WEISS_
     GREGORY S. WEISS
     Florida Bar No. 163430

And

FOSTER PC
Howard Foster, Admitted *Pro Hac Vice*
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
312-726-1600
hfoster@fosterpc.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

                                    _s/_ GREGORY S. WEISS
                                    GREGORY S. WEISS, ESQ.
                                    Florida Bar No. 163430

**SERVICE LIST**:

**Matthew Larosiere, Esq.**
Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Tel. (561) 452-7575
Larosiere@gmail.com
*Attorney for Defendants, John Elik,*
*Alexander Holladay, Josh Kiel Stroke*
*and John Lettman*

**Zachary Z. Zermay, Esq.**
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Tel. (305) 767-3529
*Attorney for Defendant, Matthew Larosiere*

14

# EXHIBIT 3

## David T. Bules

| | |
|---|---|
| **From:** | David T. Bules |
| **Sent:** | Wednesday, June 3, 2026 10:20 AM |
| **To:** | 'YeezyPrints@protonmail.com' |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | Defense Distributed, et. al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena |
| **Attachments:** | 6.3.26 Rule 37 Letter to Royster.pdf |

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules

1



**Calfee, Halter & Griswold LLP**
Attorneys at Law

2800 First Financial Tower
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.693.4880 **Phone**

dbules@calfee.com
513.693.6934892 **Direct**

June 3, 2026

*VIA EMAIL AND FEDEX OVERNIGHT*

Phillip J. Royster
1036 Barth Rd.
Belpre, OH 45714-9592
Email: YeezyPrints@protonmail.com

Re:     *Defense Distributed, et al. v. John Elik, et al.*, United States District Court for the
Southern District of Florida, Case No. 9:25-cv-81197-DMM

Dear Mr. Royster:

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026. Attached hereto as Exhibit A is a copy of the Subpoena and Proof of Service.

As set forth in the Subpoena, DEFCAD commanded your production of: "All communications (including emails, texts messages and direct messages) between you and Alexander Holladay relating to the web series and website called 'Gatalog University.'" *See* Ex. A., Subpoena. The Subpoena commanded production of all responsive documents to be delivered via email to DEFCAD's counsel in the Florida Action by April 17, 2026. You have failed to comply with the Subpoena and have not objected or responded to the Subpoena at all in violation of Federal Rule of Civil Procedure 45.

This letter is sent pursuant to Federal Rule of Civil Procedure 37, United States District Court for the Southern District of Florida Local Rules 7.1(a)(3) and 26.1(g), and United States District Court for the Southern District of Ohio Rule 37.1, and represents DEFCAD's good faith efforts to confer with you and exhaust extrajudicial means to resolve issues regarding your failure to comply with the Subpoena.

If you do not respond to this letter with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will have no choice but to initiate an action in the United States District Court for the Southern

4925-3786-1042, v.1

District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by the **June 8, 2026** deadline set forth above.

Very truly yours,

*/s/ David T. Bules*

David T. Bules


Attachments

2

4925-3786-1042, v.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 9:25-cv-81197-DMM |
| JOHN ELIK, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Phillip J. Royster
1036 Barth Rd., Belpre, OH 45714-9592

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communications (including emails, text messages, and direct messages) between you and Alexander Holladay relating to the web series and website called "Gatalog University."

| Place: Documents to be delivered electronically to undersigned counsel: beverman@pryorcashman.com | Date and Time: 04/17/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/24/2026

*CLERK OF COURT*

OR

_____          s/ Brendan Everman
*Signature of Clerk or Deputy Clerk*          _____
                                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Brendan Everman | 255 Alhambra Circle, 8th Floor, Miami, FL 33134 , who issues or requests this subpoena, are:
beverman@pryorcashman.com | 786-582-3007 | Counsel for Plaintiffs

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:25-cv-81197-DMM

*emailed 3.30.26*

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Phillip J. Royster

on *(date)* 03/27/2026 .

☒ I served the subpoena by delivering a copy to the named person as follows:

Phillip Royster by personal service

on *(date)* 3.27.26 ; or 2115hr.

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ 25 — for travel and $ 10 — for services, for a total of $ 35 — .

I declare under penalty of perjury that this information is true.

Date: 3.30.26

Lt. J McConnell /jc

*Server's signature*

Lt. J McConnell

*Printed name and title*

205 Putnam St., Marietta OH 45750

*Server's address*

Additional information regarding attempted service, etc.:

SHERIFF WASHINGTON CO. OH 2026 MAR 27 AM 10:40

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Direct Transcript from Phillip Royster's (YZY Prints) YouTube channel episode: **I'm Not Going To El Salvador (and you don't have to, either)**

Source: https://www.youtube.com/watch?v=ycL-cEPviG0

Royster (00:40):

So I'm going to tell you right now. I'm not fucking going to El Salvador.

(01:15):

With the stroke of a pen, Donald Trump's fascist regime has stolen tens of billions of dollars from people like you and I. They're forcing dozens of rural hospitals to close. They're stealing food and healthcare from the poorest among us. The fascists in charge have ballooned the federal debt and tens of millions of Americans are expected to lose healthcare coverage, just altogether, and within the next decade. They have stolen all of this money from the futures of your kids, your grandkids, your nieces, nephews, your friends and family. They have given this money, over $170 billion, to Immigration and Customs Enforcement, or what has become known as ICE. This money under the Big Beautiful Bill will be used to build over 100,000 beds, $14 billion is allocated for transportation and "removals." 10,000 new deportation officers. They're spending billions for tech upgrades. They're spending billions on state and local cooperation programs, and they're going to be training more elite BORTAC agents.

(02:16):

ICE has been tasked with extra-judicial extraditions, kidnapping anyone they deem undesirable, and this is usually Black, Latino, Arab, native people, and deporting them. Oftentimes to countries that people have never even been to, have no familial ties to, have no business being there entirely altogether.

Announcer (02:38):

The Trump administration first deported 261 people

Announcer (02:42):

To El Salvador on March 15th. Protest Thomas Secretary of State Marco Rubio announces the feds have revoked hundreds of student visas. Rubio says the government has the right to rescind visas for foreign born students who take part in demonstrations. A few days ago, ICE agents were caught on video taking a Tufts University PhD student into custody in Massachusetts.

Royster (03:09):

We've witnessed where dozens of masked men showing up in unmarked cars, wearing body armor and pointing guns and rifles, and covering or just removing completely their name badges and IDs, are kidnapping people at gunpoint and disappearing them off of the street. In broad daylight. ICE has deported dozens of people to El Salvador who have never even been to El Salvador before. They have no connections. And Trump has said that he wants to keep sending citizens to Cecot.

Announcer (03:37):

El Salvador claims it is Latin America's biggest, with capacity for 40,000 inmates. Sale has said the prison costs $115 million to develop and equip. Video taken from inside the facility often shows prisoners tightly packed together with their heads shaved... It cited a study that found Cecot inmates had an average of 6.45 square feet of space, which is below international standards.

Royster (04:00):

Donald Trump has said that he doesn't consider citizens a special class of people and that he would have no problem sending people who have been here "a long time" to El Salvador. People have been telling me for years that they're scared, that trans people will be rounded up and placed into concentration camps, that state and local law enforcement will seize someone's kids for providing them healthcare when they're trans, that women will be sent to breeding colonies just like in Handmaid's Tale. I have found that many use this as a sign to fall into apathy and despair. I hear talk of people wanting to flee the country, but I caution you that this is what the fascists want. They want you to be scared. And I don't blame you for being scared, because I'm scared too. But if you allow me for a second, I'd like to push back just a little bit on this apathy and despair.

(04:48):

If you have come to the conclusion that one day the police, ICE, BORTAC, the FBI, or even a civilian militia, a Christian nationalist militia, if you have come to the conclusion that one day they're going to try to kidnap you, are you going to be resigned to fate and go willingly? Are you just going to follow with them, bow your head, take a knee, and just let them brutalize you? Because I'm going to tell you right now, I'm not fucking going to El Salvador.

(05:22):

Let's back up and follow this idea to its logical conclusion. If you have come to the conclusion that, "Yes, ICE is going to kidnap me for being Latino or the Sheriff's Department is going to take my trans kid away from me, or I'm going to be rounded up one day from my political beliefs and placed in a camp." If you are just now entertaining the possibility that one day the state can and will--and possibly may try--to kidnap you and lock you away, first of all, welcome. The water is warm here. Second of all, what are you going to do about it? Are you just going to resign to fate and let the masked men disappear you in front of your family, desecrate your home, deprive you of basic human rights? Or are you going to tell them no because, and here's the thing that they don't want you to think about too much,

(06:06):

You don't have to fucking go to El Salvador. You can just say no. Fuck you. You see, fascists operate on fear. For anyone that is not in the fascist ingroup, the party in charge needs you to be afraid of them so that you don't challenge their power. They go to great lengths to tell you through propaganda that your resistance is futile, that failure to comply with their edicts [is] terrorism, that you are an enemy of the state, you're a lawless, paid actor. Fascists need you to be resigned to fear because at the end of the day, they are made of the same blood, sweat, and flesh as the rest of us. They have families. They have names, they have addresses, they don't want to be shot. There are few good reasons to live in the United States, but as an American citizen we have access as civilians to arguably the best and most modern small arms weaponry in the world. (Montage of Columbine shooting, Trump assassination, Luigi Mangione, Las Vegas shooting and Waco standoff)

(07:15):

Say what you will about American culture, this is the one thing we are very good at. For $500, you can buy an AR-15, you can buy a 30-round magazine, you can buy 150 rounds of 556 NATO rounds. I have spent years, literally years, showing you all that 3D-printed guns like this AR-15 right here are capable, viable, not overly-difficult to assemble and radically ... They're cool as fuck, honestly. They're just rad. You don't need a serial number for one of these. You can build them at home with basic hand tools, and they're made with oftentimes the same parts as law enforcement. An AR-15 is an AR-15 at the end of the day, regardless. Whether you live in California, Nevada, Washington, or Minnesota, you can order

the parts online, ship them directly to your front door. Anyone, anywhere in the world could arm themselves discreetly and effectively if they choose to do so.

(08:11):

Here in America we have it pretty much made, where we can buy the parts to build an AR-15. You can install things like forced reset triggers, super safeties. You can equalize the playing field between you and the officers.

(08:27):

You need to consider the fact that a rifle is a force equalizer when it comes to defending yourself against a fascist regime. Everyone's scenario's going to look a little bit different. For some people, it might look like a Glock 19 that they start carrying with them in their waistband or purse. For others, it might look like a 20-inch AR-15 with a mag full of M-85 A1 rounds. It might look like a bugout bag in your car. It might look like motion-activated lights or cameras around the exterior of your house.

Everyone's situation will be a little bit different, but you better send bachelor's and come heavily armed, because I'm not fucking going to El Salvador, and you don't have to go either. The people that are taking your rights from you have names and addresses. And I assure you, when they show up to kidnap you, you don't have to go willingly.

(09:13):

Thank you for watching. I hope I gave you some food for thought.



CaseCase 2:26-00ct-00000KADcd#od 1#1 Filefiled/06/06/22/26/26/ge35 6037 PAGPAGE#ID44: 138





CaseCase-2:260mc900009KAcDoc#1 Filed06/06/22 Pagage 6237 PAGEAC#146: 140





THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Defense Distributed, et al. | : | Case No. __2:26-mc-00019__ |
|  | : | Judge: _____ |
| v. | : | Corporate Disclosure Statement |
|  | : |  |
| Phillip J. Royster | : |  |
|  | : |  |

Pursuant to the Corporate Disclosure Statement provisions in Local Civil Rule 7.1.1: Any non-governmental corporate party to a proceeding must file a Corporate Affiliations/Financial Interest statement identifying all of its parent, subsidiary and other affiliate corporations and listing any publicly held company that "controls, is controlled by, or is under common control with a publicly controlled corporation."  A party must file the statement upon filing a complaint, answer, motion, response or other pleadings in this Court, whichever occurs first.  The obligation to disclose any changes will be continuing throughout the pendency of this case.

In Compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

 Defense Distributed                                                                                           .

1.      Is said party a parent, subsidiary or other affiliate of a publicly owned corporations?

___ YES          ✔ NO

If the answer is YES, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

_____
_____

2.      Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome?

___ YES          ✔ NO

If the answer is YES, list the identity of such corporation and the nature of the financial interest.

_____
_____
_____

/s/ David T. Bules                              6.9.2026
Signature of Counsel                        Date

"Certificate of Service"

**COUNSEL ARE REMINDED OF THEIR CONTINUING OBLIGATION
TO UPDATE AND SUPPLEMENT THIS STATEMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, a copy of the foregoing was filed with the Clerk of

the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via

email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to:

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

*Non-Movant*

　　　　　　　　　　　　　　　*/s/ David T. Bules*
　　　　　　　　　　　　　　　*David T. Bules*

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| Defense Distributed, et al. | : | Case No. 2:26-mc-00019 |
| | : | Judge: _____ |
| v. | : | Corporate Disclosure Statement |
| | : | |
| Phillip J. Royster | : | |
| | : | |

Pursuant to the Corporate Disclosure Statement provisions in Local Civil Rule 7.1.1: Any non-governmental corporate party to a proceeding must file a Corporate Affiliations/Financial Interest statement identifying all of its parent, subsidiary and other affiliate corporations and listing any publicly held company that "controls, is controlled by, or is under common control with a publicly controlled corporation." A party must file the statement upon filing a complaint, answer, motion, response or other pleadings in this Court, whichever occurs first. The obligation to disclose any changes will be continuing throughout the pendency of this case.

In Compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

DD Foundation, LLC                                                                                    .

1.      Is said party a parent, subsidiary or other affiliate of a publicly owned corporations?

___ YES        ✔ NO

If the answer is YES, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

_____
_____

2.      Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome?

___ YES        ✔ NO

If the answer is YES, list the identity of such corporation and the nature of the financial interest.

_____
_____
_____

/s/ David T. Bules                                6.9.2026
Signature of Counsel                              Date

"Certificate of Service"

**COUNSEL ARE REMINDED OF THEIR CONTINUING OBLIGATION
TO UPDATE AND SUPPLEMENT THIS STATEMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, a copy of the foregoing was filed with the Clerk of

the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via

email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to:

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

*Non-Movant*

 */s/ David T. Bules*
*David T. Bules*

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Defense Distributed, et al. | : | Case No.  2:26-mc-00019 |
|  | : | Judge: _____ |
| v. | : | Corporate Disclosure Statement |
|  | : |  |
| Phillip J. Royster | : |  |
|  | : |  |

Pursuant to the Corporate Disclosure Statement provisions in Local Civil Rule 7.1.1: Any non-governmental corporate party to a proceeding must file a Corporate Affiliations/Financial Interest statement identifying all of its parent, subsidiary and other affiliate corporations and listing any publicly held company that "controls, is controlled by, or is under common control with a publicly controlled corporation."  A party must file the statement upon filing a complaint, answer, motion, response or other pleadings in this Court, whichever occurs first.  The obligation to disclose any changes will be continuing throughout the pendency of this case.

In Compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

 DEFCAD, Inc. _____ .

1.      Is said party a parent, subsidiary or other affiliate of a publicly owned corporations?

___ YES         ✔ NO

If the answer is YES, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

_____
_____

2.      Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome?

___ YES         ✔ NO

If the answer is YES, list the identity of such corporation and the nature of the financial interest.

_____
_____
_____

 /s/ David T. Bules _____          6.9.2026 _____
Signature of Counsel                                        Date

"Certificate of Service"

**COUNSEL ARE REMINDED OF THEIR CONTINUING OBLIGATION
TO UPDATE AND SUPPLEMENT THIS STATEMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, a copy of the foregoing was filed with the Clerk of

the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via

email, Regular U.S. mail, certified mail return receipt requested, and FedEx overnight delivery to:

Phillip J. Royster
1036 Barth Road
Belpre, Ohio 45714-9592
Email: YeezyPrints@protonmail.com

*Non-Movant*

       */s/ David T. Bules*
       *David T. Bules*

| | |
|---|---|
| **From:** | cmecfhelpdesk@ohsd.uscourts.gov |
| **To:** | ecf.notification@ohsd.uscourts.gov |
| **Subject:** | Activity in Case 2:26-mc-00019-JLG-KAJ Defense Distributed et al v. Royster Add and Terminate Judges |
| **Date:** | Tuesday, June 9, 2026 9:42:08 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Ohio

## Notice of Electronic Filing

The following transaction was entered on 6/9/2026 at 9:41 AM EDT and filed on 6/9/2026
**Case Name:** Defense Distributed et al v. Royster
**Case Number:** 2:26-mc-00019-JLG-KAJ
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Judge James L. Graham and Magistrate Judge Kimberly A. Jolson added. Motions referred to Kimberly A. Jolson. (er)**

**2:26-mc-00019-JLG-KAJ Notice has been electronically mailed to:**

**2:26-mc-00019-JLG-KAJ Notice has been delivered by other means to:**

| | |
|---|---|
| **From:** | David T. Bules |
| **To:** | YeezyPrints@protonmail.com |
| **Cc:** | Howard Foster; Brendan Everman |
| **Subject:** | Defense Distributed, et al. v. John Elik, et al., United States District Court for the Southern District of Florida, Case No. 9:25-cv-81197-DMM - Failure to Comply With Subpoena |
| **Date:** | Wednesday, June 3, 2026 10:20:20 AM |
| **Attachments:** | 6.3.26 Rule 37 Letter to Royster.pdf |

Mr. Royster,

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026.

Please see the attached correspondence regarding your failure to comply with the Subpoena and efforts to obtain your compliance, which is also being delivered to you via FedEx overnight.

As noted in the letter, if you do not respond with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will initiate an action in the United States District Court for the Southern District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by **June 8, 2026**.

Thank you.

-David Bules



Calfee, Halter & Griswold LLP
Attorneys at Law

2800 First Financial Tower
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.693.4880 **Phone**

dbules@calfee.com
513.693.6934892 **Direct**

June 3, 2026

***VIA EMAIL AND FEDEX OVERNIGHT***

Phillip J. Royster
1036 Barth Rd.
Belpre, OH 45714-9592
Email: YeezyPrints@protonmail.com

Re:    *Defense Distributed, et al. v. John Elik, et al.*, United States District Court for the
Southern District of Florida, Case No. 9:25-cv-81197-DMM

Dear Mr. Royster:

This firm is counsel to Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. (collectively, "DEFCAD") in connection with their efforts to obtain your compliance with a Subpoena to Produce Documents (the "Subpoena") issued to you on March 24, 2026 in the above-referenced action pending in the United States District Court for the Southern District of Florida (the "Florida Action"), and personally served on you on March 27, 2026. Attached hereto as Exhibit A is a copy of the Subpoena and Proof of Service.

As set forth in the Subpoena, DEFCAD commanded your production of: "All communications (including emails, texts messages and direct messages) between you and Alexander Holladay relating to the web series and website called 'Gatalog University.'" *See* Ex. A., Subpoena. The Subpoena commanded production of all responsive documents to be delivered via email to DEFCAD's counsel in the Florida Action by April 17, 2026. You have failed to comply with the Subpoena and have not objected or responded to the Subpoena at all in violation of Federal Rule of Civil Procedure 45.

This letter is sent pursuant to Federal Rule of Civil Procedure 37, United States District Court for the Southern District of Florida Local Rules 7.1(a)(3) and 26.1(g), and United States District Court for the Southern District of Ohio Rule 37.1, and represents DEFCAD's good faith efforts to confer with you and exhaust extrajudicial means to resolve issues regarding your failure to comply with the Subpoena.

If you do not respond to this letter with your willingness to confer through extrajudicial means to resolve issues regarding your failure to comply with the Subpoena by **June 8, 2026**, DEFCAD will have no choice but to initiate an action in the United States District Court for the Southern

4925-3786-1042, v.1

District of Ohio to raise your failure to comply with the Subpoena by way of a motion to compel compliance with the Subpoena and for sanctions to be issued against you, including seeking an Order from the Court to hold you in contempt pursuant to Federal Rule of Civil Procedure 45(g) and  an Order requiring you to pay DEFCAD's reasonable expenses, including attorneys' fees and costs, incurred to enforce the Subpoena, pursuant to Federal Rule of Civil Procedure 37(a)(5).

If you have obtained counsel to represent you in connection with the Subpoena, please forward this letter to your counsel, who should contact me by the **June 8, 2026** deadline set forth above.

Very truly yours,

*/s/ David T. Bules*

David T. Bules


Attachments

2

4925-3786-1042, v.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, ET AL. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 9:25-cv-81197-DMM |
| JOHN ELIK, ET AL. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Phillip J. Royster
1036 Barth Rd., Belpre, OH 45714-9592

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communications (including emails, text messages, and direct messages) between you and Alexander Holladay relating to the web series and website called "Gatalog University."

| Place: Documents to be delivered electronically to undersigned counsel: beverman@pryorcashman.com | Date and Time: 04/17/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/24/2026

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | s/ Brendan Everman |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _Plaintiffs_

Brendan Everman | 255 Alhambra Circle, 8th Floor, Miami, FL 33134 , who issues or requests this subpoena, are:
beverman@pryorcashman.com | 786-582-3007 | Counsel for Plaintiffs

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:25-cv-81197-DMM

*emailed 3.30.26*

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* Phillip J. Royster

on *(date)* 03/27/2026 .

☒ I served the subpoena by delivering a copy to the named person as follows:

Phillip Royster by personal service
on *(date)* 3.27.26 ; or 2115hr.

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ 25— for travel and $ 10— for services, for a total of $ 35—

I declare under penalty of perjury that this information is true.

Date: 3.30.26

Lt. J McConnell / jc
*Server's signature*

Lt. J McConnell
*Printed name and title*

205 Putnam St., Marietta OH 45750
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Direct Transcript from Phillip Royster's (YZY Prints) YouTube channel episode: **I'm Not Going To El Salvador (and you don't have to, either)**

Source: https://www.youtube.com/watch?v=ycL-cEPviG0

Royster (00:40):

So I'm going to tell you right now. I'm not fucking going to El Salvador.

(01:15):

With the stroke of a pen, Donald Trump's fascist regime has stolen tens of billions of dollars from people like you and I. They're forcing dozens of rural hospitals to close. They're stealing food and healthcare from the poorest among us. The fascists in charge have ballooned the federal debt and tens of millions of Americans are expected to lose healthcare coverage, just altogether, and within the next decade. They have stolen all of this money from the futures of your kids, your grandkids, your nieces, nephews, your friends and family. They have given this money, over $170 billion, to Immigration and Customs Enforcement, or what has become known as ICE. This money under the Big Beautiful Bill will be used to build over 100,000 beds, $14 billion is allocated for transportation and "removals." 10,000 new deportation officers. They're spending billions for tech upgrades. They're spending billions on state and local cooperation programs, and they're going to be training more elite BORTAC agents.

(02:16):

ICE has been tasked with extra-judicial extraditions, kidnapping anyone they deem undesirable, and this is usually Black, Latino, Arab, native people, and deporting them. Oftentimes to countries that people have never even been to, have no familial ties to, have no business being there entirely altogether.

Announcer (02:38):

The Trump administration first deported 261 people

Announcer (02:42):

To El Salvador on March 15th. Protest Thomas Secretary of State Marco Rubio announces the feds have revoked hundreds of student visas. Rubio says the government has the right to rescind visas for foreign born students who take part in demonstrations. A few days ago, ICE agents were caught on video taking a Tufts University PhD student into custody in Massachusetts.

Royster (03:09):

We've witnessed where dozens of masked men showing up in unmarked cars, wearing body armor and pointing guns and rifles, and covering or just removing completely their name badges and IDs, are kidnapping people at gunpoint and disappearing them off of the street. In broad daylight. ICE has deported dozens of people to El Salvador who have never even been to El Salvador before. They have no connections. And Trump has said that he wants to keep sending citizens to Cecot.

Announcer (03:37):

El Salvador claims it is Latin America's biggest, with capacity for 40,000 inmates. Sale has said the prison costs $115 million to develop and equip. Video taken from inside the facility often shows prisoners tightly packed together with their heads shaved... It cited a study that found Cecot inmates had an average of 6.45 square feet of space, which is below international standards.

Royster (04:00):

Donald Trump has said that he doesn't consider citizens a special class of people and that he would have no problem sending people who have been here "a long time" to El Salvador. People have been telling me for years that they're scared, that trans people will be rounded up and placed into concentration camps, that state and local law enforcement will seize someone's kids for providing them healthcare when they're trans, that women will be sent to breeding colonies just like in Handmaid's Tale. I have found that many use this as a sign to fall into apathy and despair. I hear talk of people wanting to flee the country, but I caution you that this is what the fascists want. They want you to be scared. And I don't blame you for being scared, because I'm scared too. But if you allow me for a second, I'd like to push back just a little bit on this apathy and despair.

(04:48):

If you have come to the conclusion that one day the police, ICE, BORTAC, the FBI, or even a civilian militia, a Christian nationalist militia, if you have come to the conclusion that one day they're going to try to kidnap you, are you going to be resigned to fate and go willingly? Are you just going to follow with them, bow your head, take a knee, and just let them brutalize you? Because I'm going to tell you right now, I'm not fucking going to El Salvador.

(05:22):

Let's back up and follow this idea to its logical conclusion. If you have come to the conclusion that, "Yes, ICE is going to kidnap me for being Latino or the Sheriff's Department is going to take my trans kid away from me, or I'm going to be rounded up one day from my political beliefs and placed in a camp." If you are just now entertaining the possibility that one day the state can and will--and possibly may try--to kidnap you and lock you away, first of all, welcome. The water is warm here. Second of all, what are you going to do about it? Are you just going to resign to fate and let the masked men disappear you in front of your family, desecrate your home, deprive you of basic human rights? Or are you going to tell them no because, and here's the thing that they don't want you to think about too much,

(06:06):

You don't have to fucking go to El Salvador. You can just say no. Fuck you. You see, fascists operate on fear. For anyone that is not in the fascist ingroup, the party in charge needs you to be afraid of them so that you don't challenge their power. They go to great lengths to tell you through propaganda that your resistance is futile, that failure to comply with their edicts [is] terrorism, that you are an enemy of the state, you're a lawless, paid actor. Fascists need you to be resigned to fear because at the end of the day, they are made of the same blood, sweat, and flesh as the rest of us. They have families. They have names, they have addresses, they don't want to be shot. There are few good reasons to live in the United States, but as an American citizen we have access as civilians to arguably the best and most modern small arms weaponry in the world. (Montage of Columbine shooting, Trump assassination, Luigi Mangione, Las Vegas shooting and Waco standoff)

(07:15):

Say what you will about American culture, this is the one thing we are very good at. For $500, you can buy an AR-15, you can buy a 30-round magazine, you can buy 150 rounds of 556 NATO rounds. I have spent years, literally years, showing you all that 3D-printed guns like this AR-15 right here are capable, viable, not overly-difficult to assemble and radically ... They're cool as fuck, honestly. They're just rad. You don't need a serial number for one of these. You can build them at home with basic hand tools, and they're made with oftentimes the same parts as law enforcement. An AR-15 is an AR-15 at the end of the day, regardless. Whether you live in California, Nevada, Washington, or Minnesota, you can order

the parts online, ship them directly to your front door. Anyone, anywhere in the world could arm themselves discreetly and effectively if they choose to do so.

(08:11):

Here in America we have it pretty much made, where we can buy the parts to build an AR-15. You can install things like forced reset triggers, super safeties. You can equalize the playing field between you and the officers.

(08:27):

You need to consider the fact that a rifle is a force equalizer when it comes to defending yourself against a fascist regime. Everyone's scenario's going to look a little bit different. For some people, it might look like a Glock 19 that they start carrying with them in their waistband or purse. For others, it might look like a 20-inch AR-15 with a mag full of M-85 A1 rounds. It might look like a bugout bag in your car. It might look like motion-activated lights or cameras around the exterior of your house.

Everyone's situation will be a little bit different, but you better send bachelor's and come heavily armed, because I'm not fucking going to El Salvador, and you don't have to go either. The people that are taking your rights from you have names and addresses. And I assure you, when they show up to kidnap you, you don't have to go willingly.

(09:13):

Thank you for watching. I hope I gave you some food for thought.









